### FRED S. CHUTE CO. v. WESTBAY.

(Supreme Court, Appellate Term.    December 11, 1906.)

1. APPEALS—ORDERS APPEALABLE—MOTION FOR ADJOURNMENT.

An order denying a motion for an adjournment is not appealable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 729.]

2. SAME—DECISIONS REVIEWABLE—JUDGMENT BY DEFAULT.

An appeal from a judgment by default will be dismissed where no motion has been made to open the default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 885.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Fred S. Chute Company against Henry E. Westbay.

From an order denying an adjournment and from a judgment for plaintiff, defendant appeals. Dismissed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

C. N. Ironsides, for appellant.
Adolph M. Schwartz, for respondent.

PER CURIAM. The defendant was served with summons on July 3, 1906, returnable July 11, 1906. On the return day both parties appeared by counsel. The pleadings were oral. The case was by consent adjourned to July 24, 1906. On July 24th, by stipulation, the case was again adjourned to July 31, 1906. It was further by stipulation adjourned to August 7, 1906. In consideration of the last adjournment, defendant's attorney stipulated in writing to ask for no further adjournments. On August 7th both parties appeared in court. Defendant's attorney, in violation of his stipulation, applied to the court for an adjournment, stating that under the rules of the court cases of this kind were not to be tried before September. The court denied this application. An inquest was taken. Plaintiff was called and examined, and the court gave judgment in his favor for $37.89, being the amount claimed with interest and costs. Defendant appeals from the judgment and from the order denying his motion for an adjournment.

The order is not appealable (White v. Lawyers' Surety Co. [Sup.] 84 N. Y. Supp. 247), and the appeal from the judgment must be dismissed, for the reason that it was taken upon a default, and a motion to open such default must first be made. Kerr v. Walter, 104 App. Div. 45, 93 N. Y. Supp. 311.

Appeals dismissed, with costs.