(108 N. W. 41.)

E. C. DEDRICK v. CATHERINE CHARRIER, NAPOLEON CHARRIER AND

NICHOLAS D. O'SHAUGHNESSY.

Opinion filed May 31, 1906.

**Judgment May Be Set Aside to Bring in New Parties.**

1. A party in whose favor a judgment is rendered may have the same set aside for the purpose of bringing in additional defendants who are necessary parties to a complete determination of the plaintiff's rights in the action.

**Same — Bringing in After Judgment — Inherent Powers.**

    2. The right to bring in proper parties, even after judgment, exists under the statutes, and is also one of the inherent powers of court to control their own judgments.

**Same — Term Time.**

    3. The power to set aside or amend judgments in this state is not limited to the term at which they are rendered.

**Appeal — Additional Parties.**

    4. The power to bring in additional parties defendant is discretionary with trial courts, and its exercise will not be interefered with by appellate courts, unless shown to be an abuse of discretion.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by E. C. Dedrick against Catherine Charrier and others. Judgment for plaintiff. Defendants appeal.

Affirmed.

*Cleary & McLean,* for appellants.

Judgment *cannot* be amended after term time. Grant v. Schmidt, 22 Minn. 1; Weld v. Weld, 8 N. W. 900; Becket v. N. W. Masonic Association, 69 N. W. 923; Gallagher v. Irish Am. Bank, 89 N. W. 1057; Fairbarn v. Dana Bros. et al. 26 N. W. 90; Brett v. Myers, 21 N. W. 604; Cent. P. R. R. Co. v. Creed, 11 Pac. 772.

*Gordon & Wheeler,* for respondent.

Under Rev. Codes 1899, section 5298, court may reverse and set aside a judgment as was done in this action. Minn. Thresher Co. v. Holtz, 84 N. W. 581; Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

Morgan, C. J. On December 14, 1903, a judgment of foreclosure of a mechanic's lien was rendered in favor of the plaintiff and against the defendants. The plaintiff furnished the materials and labor for the erection of a hotel building for two of said defendants upon their lots in the village of Langdon. This judgment was rendered on the default of said defendants. The premises described in the judgment were regularly sold under execution to the plaintiff for the full amount of the judgment and costs, and the execution returned with the sheriff's indorsements thereon showing these facts. On June 25, 1904, the plaintiff on notice duly served on the

defendants, moved to set aside the judgment of December 14, 1903; and the subsequent sale based thereon, on the ground that the judgment was entered through plaintiff's mistake and excusable neglect. The motion was based upon affidavits setting forth the facts concerning the entry of the judgment and the failure to ascertain the facts concerning the rights of certain mortgagees to the premises is suit, as against plaintiff's lien. The relief asked is that these mortgagees be brought in as parties defendant. The affidavits show that the plaintiff was mistaken as to the relative rights of these mortgagees to his mechanic's lien, and that he was unable, after due diligence, to ascertain the exact date when the work on the building on which his lien was secured, was commenced; that in consequence thereof he commenced the action to foreclose on the theory that such mortgages were prior incumbrances to his lien and that the mortgagees were not necessary parties to a full determination of his rights; that after the sale under the foreclosure judgment, he discovered that such mortgages are inferior liens to his mechanic's lien. The district court entered an order setting aside the judgment and the sale, and granted the plaintiff leave to make these mortgagees defendants, and provided that they should be brought in by service of summons on them, and permitted the summons and complaint to be amended by inserting their names as defendants, and the complaint to contain proper allegations as to their claims. The original defendants appeal from this order.

We think that the action of the district court was proper. The showing made on the hearing of the motion was sufficient to warrant the action taken and was in furtherance of justice. Plaintiff's showing as to the effort made to ascertain just when the work on the building was commenced, was uncontradicted and we cannot say, as a matter of law, that it was not excusable neglect in not ascertaining that the mortgages were subsequent to his lien as he now claims them to be, before the action was commenced. Courts are vested with discretion on such applications, and this discretion will not be disturbed except in clear cases of the abuse thereof. Several objections are interposed by the defendants to the action of the court in permitting additional defendants to be brought in and the pleadings to be amended accordingly.

It is first contended that the court had no power to set aside the judgment after the term at which it was rendered had passed. The common law practice that judgments could not generally be set

aside or amended after the term at which rendered is not in vogue in this state. The right to apply for the amendment or opening up of a judgment exists after term time in this state, subject to limitation as to time on some applications, the same as it existed at common law during the term. This court has recently held that there are no terms of court in this state in the common-law sense. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

It is also claimed by the appellants that a party in whose favor a judgment is entered has no right to apply to have it set aside or modified. No reason is apparent why excusable mistakes should not be remedied on behalf of successful litigants as in case of those not successful. The object to be attained is to do complete justice to all the parties. The right to remedy mistakes is an inherent power with courts and this power extends to all parties to actions. Black on Judgments, section 314, and cases cited; volume 15, Enc. Pl. & Pr. 252, and cases cited. This power to amend process and to bring in additional parties in proper case, also exists under the statute. The statute permits such procedure even after judgment. Section 5297, Rev. Codes 1899. Under the statute the power is to be exercised only in furtherance of justice and is therefore discretionary. In this case there was no abuse of discretion. The action of the court in no way prejudices defendants' rights.

The order is affirmed. All concur.