## ROBERTS v. CORA EXPLOITATION CO. *et al.*
### ZINN v. SAME.

No. 5549.  Opinion Filed March 14, 1916.

Rehearing Denied April 18, 1916.

(156 Pac. 644.)

1. **APPEAL AND ERROR—Scope of Review—Finding of Fact—Equity.** The finding of the court that the consideration was more than that named in the deed is contrary to the great preponderance of the evidence, and, this being a case of purely equitable cognizance, such finding will be set aside.

2. **CHAMPERTY AND MAINTENANCE—Grant of Land Held Adversely—Pleading—Right to Amend.** Where land in the adverse possession of another is conveyed, the grantee may maintain an action in the name of his grantor to recover from the adverse holder; and, where such grantee and his grantor and the adverse holder are all codefendants in a suit in equity in the nature of a bill of interpleader, brought by a mining lease holder, and the grantee has not only answered, but has cross-pleaded against the grantor and the adverse holder, such grantee is entitled after judgment, all the parties being already before the court, to amend his cross-petition, naming his grantor as plaintiff therein and as claiming for his use and benefit.

(Syllabus by Brewer, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by the Cora Exploitation Company, a corporation, against Beulah M. Zinn and others, in which James Haney and others of the defendants file cross-petitions. From the judgment and an order denying motion for new trial, defendant named and Alfred B. Roberts bring error. Remanded, with directions.

*Robert J. Boone,* for plaintiff in error Alfred B. Roberts.

*H. H. Montgomery,* for defendant in error G. G. Barber.

*J. D. Cox* and *S. A. Horton,* for defendant in error James Haney.

Opinion by BREWER, C. This action was originally brought by the Cora Exploitation Company as a bill of interpleaders against Beulah M. Zinn, Clint O. Zinn, James P. Allen, G. G. Barber, James Haney, and Alfred B. Roberts. The plaintiff held an oil and gas lease executed and delivered on the 3d day of January, 1905, by Beulah M. Zinn and her husband, Clint O. Zinn, covering 80 acres of land in the Cherokee Nation. The company drilled and is producing oil from a portion of said land. The defendant James P. Allen filed his disclaimer. James Haney answered and set up ownership of 30 acres of the tract in controversy, which he purchased from Beulah M. Zinn on July 27, 1908. G. G. Barber answered, claiming title to the 50-acre tract by virtue of a deed from Beulah M. Zinn and her husband, dated August 15, 1907. Alfred B. Roberts filed his answer and cross-petition, claiming the same 50-acre tract claimed by Barber, alleg-

ing that Barber's deed was void, because executed in violation of an act of Congress. The only relief sought by the Exploitation Company was for a judgment of the court as to whom the royalties under the oil and gas lease should be paid. Beulah M. Zinn and her husband filed answer alleging that the defendant Roberts had not paid her the agreed consideration for the deed to him, and asked judgment against defendant Roberts for the balance. Both Barber and Roberts claimed actual possession of the 50-acre tract. Final judgment was rendered herein on May 15, 1913, and an order entered denying the motion for new trial, and from this order and judgment the defendant Alfred B. Roberts has brought the same to this court on a petition in error.

The court made special findings of fact as follows:

"(1) That the defendant Beulah M. Zinn was prior to her marriage Beulah M. Lyman, and that she is a duly enrolled Cherokee Indian by blood; that she is enrolled opposite No. 14170; and that she is of 5-32 degree Indian blood; that there was allotted to said Beulah M. Zinn, nee Lyman, as her homestead, the following described lands, to wit: Southeast quarter of northeast quarter of northwest quarter and north half of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east—that there was allotted to said Beulah M. Zinn, nee Lyman, as her surplus, the southeast quarter of the northwest quarter and southwest quarter of the northeast quarter of the northwest quarter of section 36, township 27 north, range 13 east; and that patent to said land was duly executed and delivered to said Beulah M. Zinn, nee Lyman, by the Principal Chief of the Cherokee Nation on the 31st day of October, 1907.

"(2) That on the 15th day of August, 1907, Beulah M. Zinn, nee Lyman, and her husband, C. O. Zinn, made, executed, and delivered to the defendant, G. G. Barber,

a general warranty deed covering the southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter of the northwest quarter of section 36, township 27 north, range 13 east, being the surplus allotment, which said deed was duly recorded in the records of Washington county, Okla., in Volume M., at page 458. * * *

"(4) That the defendant G. G. Barber immediately after obtaining a deed to said land described in finding No. 2 herein from Beulah M. Zinn, *nee* Lyman, on the 15th day of August, 1907, cut and put up the hay upon said land, and shortly thereafter built a two-room frame house of the value of approximately $200 thereon; that said G. G. Barber did not personally live on the land, but immediately rented it to C. O. Zinn, the husband of his grantor, who immediately went into possession thereof as tenant and agent of G. G. Barber; that said C. O. Zinn never paid G. G. Barber any rent for said land, although he agreed to pay him $75 a year. G. G. Barber was in possession of the land on September 2, 1908, through his tenants. G. G. Barber has never collected any rents of the tracts of land in controversy. * * *

"(6) That Beulah M. Zinn, *nee* Lyman, joined by her husband, C. O. Zinn, two of the defendants herein, executed and delivered to Alfred B. Roberts, a codefendant, their certain general warranty deed covering the southeast quarter of the northwest quarter and southwest quarter of the northwest quarter and the southwest quarter of the northeast quarter of the northwest quarter of section 36, township 27, range 13 east, to Alfred B. Roberts, for a consideration of $1,200; that said deed was duly recorded in the office of the register of deeds for Washington county, Oklahoma, the county in which the land is situated, on September 3, 1908, in Book 3 of Warranty Deeds, at page 419; and that said Alfred B. Roberts has paid the taxes upon said lands for the years 1909, 1910, and 1911, amounting to the sum of $16.20.

"(7) That on the 27th day of July, 1908, the defendant Beulah M. Zinn, *nee* Lyman, executed and delivered to James Haney, a codefendant, her general warranty deed covering the following described lands situated in Washington county, Okla., to wit: Southeast quarter of northeast quarter of northwest quarter and north half of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east—containing 30 acres, more or less, being the homestead allotment of said Beulah M. Zinn, *nee* Lyman.

"(8) That on the 3d day of January, 1905, Beulah M. Lyman, now Zinn, executed and delivered to the Cora Exploitation Company, a corporation, her certain departmental oil and gas mining lease, covering the southeast quarter of the northeast quarter of the northwest quarter and the north half of northeast quarter of northwest quarter and the southeast quarter of the northwest quarter and southwest quarter of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east, being both the homestead and surplus, which said lease was duly approved by the honorable Secretary of the Interior on February 10, 1906; that at the time of the filing of this suit the Cora Exploitation Company had drilled six wells on the southeast quarter of the northwest quarter of section 36, township 27 north, range 13 east, being upon a portion of the surplus lands, and five of which said wells are producing oil wells, and one of which said wells is a gas well; and that said lease provides for a royalty of one-tenth of the value of the oil so produced from said lands, and that the amount of the oil so produced from said lands up to the date of this decree is the sum of $1,292.15, which has been held subject to the further order of the court."

The court also made the following conclusions of law:

"(1) That all oil and gas mining royalties from the following lands in controversy shall be paid to said G. G. Barber: Southeast quarter of northwest quarter and

southwest quarter of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east.

"(2) That the deed executed and delivered by Beulah M. Zinn, *nee* Lyman, and C. O. Zinn, her husband, to Alfred B. Roberts, on the 2d day of September, 1908, and covering the southeast quarter of northeast quarter and the southwest quarter of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east, be and the same is hereby declared to be champertous and void as against the defendant G. G. Barber.

"(3) That James Haney is the owner of the following described lands in Washington county, Okla., to wit: Southeast quarter of northeast quarter of northwest quarter and north half of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east—and that said defendant James Haney is entitled to all the royalties arising therefrom and which have accrued therefrom since the 27th day of July, 1908.

"(4) That the defendant Alfred B. Roberts is the owner of the legal title of and to the following described lands, located in Washington county, Okla., to wit: Southeast quarter of northwest quarter and southwest quarter of northeast quarter of northwest quarter of section 36, township 27 north, range 13 east—but that the defendant G. G. Barber is entitled to the possession thereof until such time as he may voluntarily surrender the same to the said defendant Alfred B. Roberts, his heirs or assigns, or until commanded so to do by some court of competent jurisdiction.

"(5) That the defendant Beulah M. Zinn, *nee* Lyman, have and recover of and from the defendant Alfred B. Roberts the sum of $1,008, being the amount of money so found herein to be due from said defendant Alfred B. Roberts to said Beulah M. Zinn, *nee* Lyman, together with interest thereon to this date, and that such judgment draw interest from this date at the rate of 6 per cent. per annum. * * *

"(7) That the defendants Beulah M. Zinn, *nee* Lyman, Clint O. Zinn, and G. G. Barber have and recover of and from the defendants Alfred B. Roberts and James Haney the costs of this suit, to be taxed by the clerk of this court in the proportion of five-eighths to the defendant Alfred B. Roberts, and three-eighths to the defendant James Haney."

Two questions are urged here for a reversal:

(1) That the court erred in its finding of facts that the real consideration agreed to be paid by Roberts to the Zinns for the 50 acres of land was $1,200, instead of $400, as named in the deed.

(2) That the court erred in holding that Roberts' deed, confessedly good as between him and the Zinns, was inoperative as against Barber, on the grounds of champerty.

1. On the first point, the amount of the consideration, we have examined the evidence with care, and have concluded that the finding of the court is contrary to the great weight of the evidence. The truth of the matter is that the evidence of Mrs. Zinn in regard to the consideration is so weak and inconclusive that it would barely be sufficient, if not contradicted. She merely states that in some preliminary negotiations the purchasers said "they would pay us $1,200 for the land when they got the title straightened up." This evidence is contradicted at every point—by the deed which resulted from the negotiations; by the duebill or note for the balance of purchase price, which was discharged by partial payments made from time to time; and by the positive testimony of the purchasers. The further fact that no complaint was made as to the consideration and no suit brought until a con-

siderable time after the final payments had been made, and not then until this bill of interpleader had brought all the parties into court, and another defendant, Barber, claiming under a void deed, he being a stepfather to one of the Zinns, had set up the claim for increased consideration, and that he ought to have a cross-judgment against the Zinns for the money he had paid under his void deed from them. So we hold this finding of the court was against the clear weight of the evidence, and this action here is permissible in cases of purely equitable cognizance. *Wimberly v. Winstock,* 46 Okla. 645, 149 Pac. 238; *Schock v. Fish,* 45 Okla. 12, 144 Pac. 584; *Success Realty Co. v. Trowbridge,* 50 Okla. 402, 150 Pac. 898.

2. As shown by the statement of facts, Roberts was held to be the legal owner of the 50 acres of land involved here, but that his deed was champertous, and therefore, while good between the parties to it, was inoperative as against Barber, who was in adverse possession, under the rule announced in *Miller v. Fryer,* 35 Okla. 145, 128 Pac. 713, *Ruby v. Nunn,* 37 Okla. 389, 132 Pac. 128, and cases since decided.

After the filing of this appeal a motion was filed by plaintiffs in error in which it was shown that all these parties, Roberts, the valid deed holder, Barber, the void deed holder, and their common grantors, the Zinns, were parties defendant to the equitable bill of interpleader filed, that Roberts had cross-pleaded as to his codefendants and had been decreed the owner of the land, etc., but that Barber, the void deed holder, because of his adverse possession, had been decreed entitled to the mineral rents and royalties, etc., and asked to be allowed to amend the cross-petition below and all the proceedings so as to join his

codefendants the Zinns, common grantors of the parties, as plaintiff in such cross-petition, suing for the use and benefit of appellant Roberts, so as to bring himself within the doctrine of *Gannon v. Johnson,* 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522. This motion to amend cited for authority section 4790, Rev. Laws 1910, *Hill v. Reed,* 23 Okla. 616, 103 Pac. 855; *Tucker v. Markland,* 101 N. C. 422, 8 S. E. 169; *Sage v. Mosher,* 17 How. Prac. (N. Y.) 367, and *Dedrick v. Charrier,* 15 N. D. 515, 108 N. W. 38, 125 Am. St. Rep. 608, and the same was considered by the court on September 1, 1914, and sustained, and the amendment made. No complaint is urged as to the decree in so far as it affects James Haney.

We therefore conclude that the court was correct in holding that Barber's deed was void because made in violation of congressional restrictions; that Roberts' deed to the 50 acres was valid and conveyed the full title of the allottee; that James Haney's deed was likewise valid, conveying the full title to the 30 acres. We conclude and hold that the court was in error in holding that the consideration agreed upon between Roberts and the Zinns was other than that named in the deed; that under the pleadings as amended since judgment it is error to decree Barber entitled to the oil and gas royalties; that they follow the legal title to the land, and therefore are property of Roberts; that no complaint is made as to the taxing of costs, and that the same should stand as made in the decree.

We therefore recommend that the cause be remanded, and a new decree be entered in the trial court in conformity with the views herein expressed.

By the Court: It is so ordered.