## McDowell, et al. v. Kent, et al.

(Decided May 4, 1917.)

### Appeal from Trimble Circuit Court.

1. Infants—Action to Sell Indivisibile Real Property—Pleading.—A petition framed under section 490 of the Civil Code of Practice for a sale of indivisible real property jointly owned and a division of the proceeds, and which fails to allege that the plaintiffs were in possession of the land, is fatally defective.

2. Equity—Common Law Action Brought in Equity—Trial.—Where a common law action is brought in equity, and no objection is made to the form of the action, the chancellor may properly proceed to try it.

3. Wills—Life Estates—Remainder.—Where land was devised to a daughter, but was not to be disposed of during her lifetime, and if she should leave no heirs the land was to go to J. F. at the daughter's death, she took a life estate, with remainder to her children.

4. Descent and Distribution—Descent of Land of Infant Dying Without Issue.—Section 1401 of the Kentucky Statutes, which provides that where an infant dies without issue, having title to real estate derived by gift, devise or descent from one of his parents, the whole estate shall descend to that parent and his or her kindred, does not apply to lands derived from a grandparent.

5. Descent and Distribution—Descent of Land of Infant. Dying Without Issue.—Where an infant derived lands by a devise from his

grandfather and died in infancy and without issue, the lands de
scended to the infant's heirs-at-law in the same way as they would
have descended if he had died an adult.

SCOTT & HAMILTON, CLAUDE B. TERRELL and MOODY &
TERRELL for appellants

E. W. TANDY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

By his will dated January 22, 1868, Thomas Morgan
devised the fifty acres of land in controversy in this
action to his daughter Emily, by a clause which reads as
follows:

"I want my daughter Emily to have fifty acres of land
to be allotted off from the Long Branch and to have the
upper end next to Mrs. Stacker's land, and to include
the house, and not to be disposed of her lifetime and
if she leaves no heirs the land is to go to Joseph Forsee
and John Forsee and Mary Kent at her death."

After the death of her father, Emily Morgan married
William McDowell. Two children were born of that mar-
riage; and one of them, whose name is not given, sur-
vived his mother and died in infancy without issue, his
father, Wm. McDowell, surviving. After the death of
Emily Morgan McDowell, her husband, William Mc-
Dowell, intermarried with the appellant, M. A. McDow-
ell. William McDowell continued to live upon the fifty-
acre tract until his death in 1914, leaving his second wife
surviving him.

On August 27, 1915, Mary Kent, John Forsee and
Minnie B. Forsee, the widow of Joseph Forsee, instituted
this action in equity against Mrs. M. A. McDowell and
Edgar Forsee, Leona Forsee and John Forsee, the in-
fant children of Joseph Forsee, deceased, asking that the
plaintiffs and the infant defendants be adjudged to be the
owners of the tract of land in question; that it be sold
because of its indivisibility; and that the proceeds be
divided between the plaintiffs and the children of Joseph
Forsee.

By an amended petition, it is alleged that Thomas
Morgan, the testator, left four children, Emily McDow-
ell, Harrison Morgan, deceased, Thomas Morgan, and
Elizabeth Forsee, the mother of John and Joseph For-
see, mentioned in the will. Mary Kent is the daughter
of Harrison Morgan. The son, Thomas Morgan, left
seven children, Newton, Charles, William, Frank, Lucy,

Burton, Hannah Vest, and a granddaughter, Annie West, who was the daughter of Thomas Morgan's deceased daughter, Katie West.

The amended petition asked that the fifty-acre tract be sold and the proceeds be divided among the heirs of the brothers and sisters of Emily McDowell, above named.

Mrs. McDowell denied the ownership of plaintiffs, and alleged that she was in possession of the land, claiming to own it.

Proof having been taken showing the heirship as above indicated, the chancellor entered a judgment declaring that Mary Kent, John Forsee, the children of Joseph Forsee and the children of Thomas Morgan, above named, were the owners of the fifty-acre tract, and entitled to immediate possession thereof; directing a writ of possession to issue placing them in possession; and that the land be sold for a division of the proceeds.

The petition did not state a cause of action under section 490 of the Code for a sale of indivisible real property jointly owned, because it failed to allege that the plaintiffs were in possession of the land; on the contrary, the petition alleged, and the proof shows, that Mrs. McDowell is in possession. Malone v. Conn, 95 Ky. 93; Swearingen v. Abbott, 99 Ky. 272. But, while inartificially drawn, the petition also asked that the plaintiffs be adjudged the owners of the land in question, and the defendant be ousted; and, no objection having been taken to the form of the action, the chancellor properly proceeded to try it. Ky. Mut. Sec. F. Co. v. Turner, 89 Ky. 667; Turner v. Newman, 19 Ky. L. R. 231, 39 S. W. 504; Kineon v. Rich, 30 Ky. L. Rep. 1107, 100 S. W. 249.

The action will, therefore, be treated as a suit in ejectment for the possession of the fifty-acre tract. A decision of that question requires a construction of the will.

Section 1401 of the Kentucky Statutes reads as follows:

"If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grand-

mother, uncles and aunts of the intestate and their descendants.''

We are advised by the brief of counsel that the chancellor was of the opinion that the will of Thomas Morgan gave his daughter Emily a defeasible fee, and that her infant child took, not under the will, but by descent from its mother; and, as her child died during infancy, the land under section 1401 of the Kentucky Statutes, descended to the child's mother's heirs to the exclusion of his father's heirs; and, consequently, as the plaintiffs are the heirs of the mother, they were the owners of the land and entitled to the possession thereof.

Mrs. McDowell contends, however, that Emily Morgan took a life-estate and that her child who died in infancy took not from its mother, but under the will of its grandfather, Thomas Morgan, and that section 1401 of the Kentucky Statutes does not apply and the property descended to the infant's father, William McDowell, instead of to Emily McDowell's heirs.

We think there can be no doubt of the testator's intention to give his daughter Emily a life-estate, only. This is manifest from the two provisions of the will that she is not to dispose of the land during her lifetime, and that in case she should die without heirs, the land should go to Joseph and John Forsee and Mary Kent, *at her death*. The word ''heirs'' is here undoubtedly used in the sense of ''children.'' That language could only mean that if she should die leaving children surviving her, her children should take the estate; but, in case she should leave no children surviving her, the land should go to the Forsees and Mary Kent. She died leaving a child surviving her; but the child died in infancy and without issue. Under section 1401 of the Kentucky Statutes, the land of an infant dying without issue descends to that parent and his or her kindred from whom it was derived. But section 1401, *supra,* is confined in its application to lands derived from the parent; it has no application to lands derived from a grandparent. Cooksey v. Hill, 106 Ky. 297; Turner's Trustee v. Washburn, 25 Ky. L. R. 2201, 80 S. W. 460.

In this case the land was derived by the devise from the grandparent, Thomas Morgan, and not by descent from the mother, Emily Morgan McDowell. Consequently, the infant having died without issue, the fifty-acre tract in this case descended to the father as the heir at law of the infant in the same way it would have de-

scended if the infant had died an adult. Smith v. Smith, 2 Bush 520; Walden v. Phillips, 86 Ky. 302; Duncan v. Lafferty's Admr., 6 J. J. M. 46; Guier v. Bridges, 114 Ky. 152.

From this it follows that the land in question belongs to the heirs at law or devisees of William McDowell, and not to the appellees, who sue as the heirs at law of Emily McDowell.

Judgment reversed with instructions to the circuit court to dismiss the petition.