No. 10,853.

THOMAS, ET AL. v. MAHIN.

Decided November 10, 1924.

Action for partition.   Judgment for plaintiff.

*Reversed.*

1.   PLEADING—*Supplemental Petition.*   So-called supplemental petition in partition held partly an amendment to the original, because not confined to facts occurring after the action was commenced.

2.       *Motion to Strike.*   Denial of a motion to strike which should have been granted, held not prejudicial error.

3.   ATTORNEY AND CLIENT—*Unauthorized Suit—Ratification.*   An action begun by an attorney without authority from the plaintiff, held not void where such action was subsequently ratified.

4.   JUDGMENT—*Vacation—Pleadings.*   A judgment may be set aside on motion of the successful party to permit amendments and supplemental pleadings.

5.   PLEADING—*Default—Amendments.*   A bill may not be amended in substance, nor supplemental pleadings allowed after judgment by default, without setting aside the judgment.

6.   ACTIONS—*Misjoinder of Causes.*   Ejectment to recover possession of an undivided interest in real estate, and partition to have it set off in severalty, are essentially different causes of action, and are not joinable under section 76, Code '21.

7.  PLEADING—*Misjoinder of Causes of Action*. Where causes of ac-
    tion should have been separately stated, it was error to deny a
    motion for separation, and the error was not waived by answer-
    ing.

8.  ATTORNEY AND CLIENT—*Misconduct*. The use of intemperate lan-
    guage on the part of attorneys toward each other, condemned.

*Error to the District Court of Las Animas County, Hon.
A. F. Hollenbeck, Judge.*

Messrs. NORTHCUTT & NORTHCUTT, Mr. SAMUEL FREUD-
ENTHAL, for plaintiffs in error

Mr. W. M. MAHIN, Mr. W. B. MORGAN, Mr. ARTHUR S.
OLSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

LEMUEL THOMAS had judgment against W. V. Thomas,
P. H. Murray et al. in a suit brought by him for partition.
They bring the case here for review.

One Alice Collins and her daughter, Rose Blue, were
equal tenants in common of the realty in question—a lot
and two houses thereon in Trinidad. May 31, 1914, Mrs.
Collins died and Rose Blue remained in possession. She
afterwards married the defendant W. V. Thomas (no rela-
tion of Lemuel) and July 8, 1917, died, leaving her husband
her only heir. July 24, 1917, W. V. Thomas was appointed
administrator of her estate. He remained in possession,
and, February 25, 1921, conveyed his interest to P. H.
Murray. June 6, 1921, Lemuel Thomas brought this suit,
claiming to be the son of Alice Collins and brother of Rose
Blue Thomas and so entitled to an undivided one-fourth of
the property.

There have been many changes in the parties plaintiff
and defendant and many motions with reference to the
pleadings which we do not find it necessary to notice.

September 23, 1921, an amended petition was filed. De-
cember 14, 1921, the defendants Thomas and P. H. Murray
filed a motion to separate the causes of action and Decem-

ber 14th this motion was overruled. December 20th they separately demurred; January 16, 1922, the court overruled these demurrers except as to certain paragraphs thereof which attacked the complaint for seeking relief as to personal property alleged to belong to Alice Collins at her death, and to have been converted by the defendants. The court seems consistently to have kept out of the case consideration of this personal property until the supplemental complaint was filed March 8, 1922. The defendants were then ruled to answer in ten days; they did not do so, and February 11th the plaintiff filed a praecipe for default. No entry of default appears except as recited in the decree. The decree, it is claimed by defendant in error, was rendered on February 20, 1922, but it was not filed until April 13th, and does not on its face show when it was rendered. The record does not tell us whether it is recorded among the proceedings of that day, February 20th. We think, however, there is enough in the record to show us that it must be regarded as having been then rendered, as plaintiff claims it was. It is referred to later in the records as having been rendered on that day. We cannot disregard such evidence.

March 8, 1922, leave was granted to file a supplemental petition, and pursuant to that leave, a petition was filed in which additional defendants were named. This so-called supplemental petition is partly an amendment to the original because it is not confined to facts which occurred after the action was commenced. Code 1911, § 80.

April 13th the decree was filed. It appointed commissioners and on that day they reported that the property could not be partitioned and would have to be sold. April 14th the report was approved, the commissioners ordered to sell and convey and the cause was continued for their further report.

May 11th P. H. Murray answered the supplemental petition and filed a motion to set aside the judgment order filed on April 13th, and to set aside what had been done in pursuance thereof. There were supplemental affidavits

pursuant to this motion. The issues under that answer have never been tried.

December 11, 1922, there was another judgment rendered in which the exceptions to the report of sale by the commissioners which had been theretofore filed were overruled, the sale approved and a deed ordered.

December 20th, P. H. Murray filed a motion for a new trial. This motion was afterwards granted and the judgment of February 20th was set aside as to certain parts, viz.: The finding (a) that said amended petition and each and every allegation thereof are true and that the prayer of said petition should be granted; (b) that there are no unpaid debts against the estate of Alice Collins and a certain outstanding trust deed made by Collins and Blue had been paid in full; and (c) that the rents collected and held by W. V. Thomas and P. H. Murray amounted to $2,313, rightfully belonging to the plaintiff; and it was ordered that the parties might introduce evidence as to the questions involved in those parts of the decree that were set aside, and that thereupon further orders would be made. The motion, except as above, was overruled and either party was permitted to file pleadings to the questions for rehearing.

January 20, 1923, P. H. Murray answered the amended petition and, assuming that the setting aside of the general finding for plaintiff was a re-opening of the whole case, he denied that Lemuel Thomas had any interest in the premises. Upon a trial which came up October 1, 1923, the court refused to hear any testimony upon that point or upon anything else except in relation to the matters mentioned in the parts of the judgment which were set aside. That refusal is assigned for error.

At one stage of the proceedings the defendants moved to dismiss the suit because it was commenced without authority. Plaintiffs in error filed affidavits reciting the facts with reference thereto and upon trial the defendants offered to show (and were refused permission to do so) that Mahin, once the attorney for Lemuel Thomas, and now his

assignee and substituted for him, filed the suit in Lemuel Thomas's name after he was discharged as his attorney; that Thomas had a written agreement with Mahin for his services at 20 per cent of the recovery; that after doing some work Mahin demanded fees and repudiated the agreement; that Thomas's attorney in another state then wrote Mahin that if he would not carry out the agreement he was discharged; that Mahin then began this present suit and also sued Thomas in Trinidad for fees and attached his interest in the property in question and that Thomas then came to Trinidad and made a settlement of some sort with Mahin whereby he conveyed his interest to one Cox and Cox afterwards conveyed it to Mahin. Upon this record we are compelled to take these facts as true because undisputed.

October 1st, the day of trial, Mahin filed a replication claiming to have been substituted for Lemuel Thomas by order of September 20, 1923. To what answer that replication referred we do not know. The replication is intolerably long, full of irrelevant and improper matter and should have been stricken out on motion; but we cannot say that the denial of such motion is prejudicial error. October 20, 1922, judgment was rendered ordering the distribution of the rents collected and adjusting accounts.

1. One of the important points made by the plaintiff in error is that the whole suit is void ab initio, because begun without authority from the plaintiff. We must assume that the action was so begun. The plaintiff, however, appears to have subsequently conveyed his interests to one Cox and to have made some settlement without any step to dismiss the case. This is a ratification of the act of the attorney. The case of *Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 216 Pac. 718, is not in conflict with this conclusion; there one not an attorney at law began the suit for a plaintiff corporation. He never could be authorized. His act could not be ratified because he was disqualified by law, but in the present case the attorney is qualified by law

and his act needs only his client's sanction, which may be given after it is done as effectively as before.

This is not the place to characterize the action of the attorney as revealed by this record, but, lest we should be thought to treat it lightly, we are constrained to say that it meets our strong condemnation.

2.   The filing of the supplemental petition, so-called, by leave of court March 8, 1922, opened and set aside the judgment of February 20th.   We have been furnished with no citation exactly in point, nor, with some labor, have we been able to find one, but we do find that judgments are sometimes set aside on motion of the parties in whose favor they were rendered, so as to permit amendments and supplemental bills, and that has been impliedly approved by this court. *Monti v. Bishop,* 3 Colo. 605, 607, and cases there cited. *Capron v. Van Noorden,* 2 Cranch, 126, 2 L. Ed. 229; *Dedrick v. Charrier,* 15 N. D. 515, 108 N. W. 38, 125 Am. St. Rep. 608.   This conclusion is strengthened by the fact that the supplemental petition contains matter at variance with or in addition to parts of the decree.

There are cases which hold that even after judgment the record and even the judgment itself may be amended so as to show proper parties and the judgment allowed to stand; but we find no case permitting an amendment to the substance of the bill or permitting a supplemental bill unless the judgment is set aside, and this should be true of judgments taken by default, whether of other judgments or not.

For this reason the judgment must be reversed and plaintiff must be given opportunity to meet the main case set up in the amended petition.

3.   The plaintiff in error claims that the petition does not state facts which constitute a cause of action, because it does not show that the plaintiff had seizin, but, on the contrary, shows that the defendants held adversely to him. It seems to us, however, that it states good ground for some kind of relief under the code.   It perhaps might be treated as an action in ejectment, *McDowell v. Kent,* 175 Ky. 445, 194 S. W. 374; *Daniels v. Benedict,* 50 Fed. 347,

and other Colorado cases have ignored the fact that partition was brought against an adverse claimant, but there are many cases (see 30 Cyc. 192, 193) on either side of this question. The arguments against permitting such a suit in partition seem to us the stronger. C. L. § 5150, which authorizes the court in partition "to investigate and determine all questions of conflicting or controverted titles" does not reach the question of possession. The proceeding really amounts to the joinder of two causes of action—ejectment to recover possession of the undivided interest in the real estate and partition to have it set off in severalty. These two causes of action are essentially different from each other; they are not joinable under the Code C. L. 1921, § 76. It will not do to say, as some of the cases do, that the court, having in equity taken charge of the matter of partition, will complete justice by giving judgment for possession; that is to beg the question, for the question is whether one out of possession can maintain the equitable suit. Moreover, since there are separate causes of action there, they should have been separately stated even if joinable and the court was in error in denying separation, an error that is not waived by answer. *Hall v. Cudahy,* 46 Colo. 324, 104 Pac. 415.

We are not now concerned with a case of vacant land, presumed to be in the possession of the rightful owner. The case must be reversed. The record is so confused as to be inextricable and almost incomprehensible; the pleadings and motions thereon should be stricken out and a new pleading begun with a complaint stating a cause of action in ejectment, which the present complaint does if it states anything, and if and when that is determined in plaintiff's favor, an action for partition can be brought which will be a matter of course. If this course had been taken in the first place the affair would have been ended long ago.

We might end this opinion at this point, but there are two matters of which we feel bound to speak; one is that the attorneys on both sides have so far forgotten themselves as to use intemperate and almost abusive language

toward each other. We have several times commented on this manner of argument and deprecated it. It does not aid the clients and does not help the court to reach a just conclusion. *Chamberlin v. People*, 66 Colo. 249, 252, 180 Pac. 748; *Terrace Irr. Dist. v. Overflow Ditch*, 69 Colo. 362, 365, 195 Pac. 325. The other matter is this: We granted leave to the defendant in error to file a supplemental transcript of the record, and in that was a so-called supplemental bill of exceptions. This bill of exceptions is certified by the court below to be a full, true and complete report, etc., and the court further certifies that, at a trial of this cause (which was on October 1, 1923), to determine the distributive share of the parties concerned in the proceeds of the sale of the real estate, all of the documentary evidence embraced in this supplemental bill of exceptions was taken into consideration as evidence offered by the plaintiff so far as the same was applicable to the issues joined on said hearing, but the certificate to the original bill of exceptions declares that *it* contains all the proceedings and evidence taken on October 1, 1923, which was the day of the trial pursuant to which the last judgment was rendered. These certificates are in the first place, inconsistent, and moreover, the effect of them is that the court considered on the 1st of October evidence that had been taken at another time and when the defendants were not present, and, when we look at the supplemental bill of exceptions we find that a great portion of the evidence related to the matters upon which the court declined to hear any evidence from the defendants, and bore no relation to the questions which the court then consented to consider. This we think would reverse the case but it is not of importance in view of the other reasons which have actuated us in this reversal.

The judgment is reversed, with directions to strike out all pleadings and motions thereon and order new pleadings.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.