ABERDEEN BINDERY, INC., Appellant, *v.* EASTERN STATES PRINTING & PUBLISHING CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, March 4, 1938.

*George Rozsa* and *Jacob Scherago* [*George Rozsa* of counsel], for the appellant.

*Edwin M. Otterbourg, Chairman of the Committee on Unlawful Practice of the Law of New York County Lawyers Association* [*Edwin M. Otterbourg* and *Frederic P. Houston* of counsel], *amicus curiæ.*

HAMMER, J. The plaintiff corporation, through its attorneys, has sued the defendant corporation in the Municipal Court by summons and informal complaint for work, labor and services performed for defendant at the latter's request in the amount of Thirty-eight dollars and ninety cents. Defendant has filed by way of answer a written statement of general denial, breach of contract and warranty and a counterclaim, subscribed by the defendant corporation as defendant in person, by Edward B. Gotthelf, president. Plaintiff moved to strike out the answer as unauthorized in law by a corporation defendant. The motion was denied by order from which this appeal has been taken. The president of defendant corporation attempted to appear and argue the appeal. His statement was heard. No brief was filed. As the question of the ability or authority of a corporation to institute or prosecute

or defend an action is constantly recurring, it is deemed advisable that this court express its view on the problem presented.

Confining our discussion solely to civil suits, there are only two ways in which a party may proceed. One is *in propria persona*, or in his own person, and the other is by attorney duly licensed to practice.

A corporation had no ability or authority to appear *in propria persona* at common law. Such authority, if there be any in an action, must be found either in the Constitution or the statutes. The State Constitution (Art. 8, § 3) provides: " And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." This, in our opinion, is declaratory of the right of corporations to sue and be sued and does not authorize an appearance *in propria persona*. The Civil Practice Act (§ 3) provides, " The rule of the common law that a statute in derogation of the common law is strictly construed does not apply to " the Civil Practice Act. However, unless a particular provision thereof clearly and definitely creates a new right, privilege or obligation, in our opinion it should be regarded as being in harmony with, and not in conflict with or in derogation of, the existing common law. The Civil Practice Act (§ 236), in part, reads as follows: "A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs."

In our opinion this language contemplates a natural person and cannot be said to refer to a corporation. Individual litigants have always had the right to prosecute and plead *in propria persona*. By the ancient common law, a party cited to appear was required to do so in person and it was only after such appearance that he might, with the consent of the court, be represented by attorney (*Beecher's Case*, 8 Coke, 58A; 77 Reprint, 559; Cro. Jac. 211; 79 Reprint, 183; Com. Dig. Atty. B. 4.) If the right of personal appearance by an individual should be denied, such denial will be regarded as an abuse of personal liberty. Obviously, there were individual litigants before there were lawyers. When, however, in the development of the due administration of justice, courts required special qualifications as requisite to persons practicing law before them, no unregistered person was permitted to appear and plead for another. In a court of record an attorney could appear only in that capacity and not merely as an agent. (*Heyer* v. *Denning*, 1 Johns. Cas. 103.)

A corporation has always been regarded as a fictitious legal person distinct from the actual persons who compose it. (1 Blackstone's Commentaries [17th ed.], 468.) Although it has a real

existence with rights and liabilities as a separate legal entity, it has no physical existence, but exists only in contemplation of law. (*Thomas* v. *Dakin*, 22 Wend. 9.) It is created by law for certain specific purposes and the extent of its existence, powers and liberties is fixed by its charter. (Blackstone's Commentaries [17th ed.], 123; *Dartmouth College* v. *Woodward*, 4 Wheat. [U. S.] 518.) It lacks capacity for numerous capabilities of a natural person (1 Fletcher Cyc. Corporation [Perm. ed.], p. 20.) At first created and chartered exclusively by the sovereign, corporations could not sue or be sued. Legally called into being, a business corporation from early times came to be regarded as possessing certain incidents to its charter, among them to purchase for its corporate purposes; to sue and be sued, implead and be impleaded; to have a seal and to make reasonable by-laws for its own regulation. (*Sutton's Hospital Case*, 10 Coke, 30.) Being a creature of law, it did not have the same rights or powers as individual persons, but only such as were expressly given or which arose by necessary implication from law. In England they had been created by the King's grant or by Act of Parliament through royal assent. (14 C. J. 93.) In the United States corporate powers can be granted only by legislative act. (N. Y. Const. art. 8, § 1; *American Ball-Bearing Company* v. *Adams*, 222 Fed. 967; revd., on other grounds, 231 id. 950; *People ex rel. Cornell S. Co.* v. *Dederick*, 161 N. Y. 195.) Although in England there are certain common-law corporations, such as the king, bishops, vicars, churchwardens, and some others, as to which the king's assent has been assumed, there are no common-law corporations in the United States. (14 C. J. § 54.) Corporations have always been subject to various limitations, not alone by reason of their construction but also through regulatory enactments. "No subpœna lieth against them; * * * they cannot speak, nor appear in person, but by attorney." (Lord COKE in *Tipling* v. *Pexall*, 2 Bulstr. 233; 80 Reprint, 1085.) In *Osborn* v. *Bank* (9 Wheat. 738), MARSHALL, Ch. J., said (at p. 830): "A corporation, * * * can appear only by attorney while a natural person may appear for himself." A corporation can act only through the agency of a natural person. A natural person, although he may plead or manage his own case, may do so in New York only under the provisions of section 236 of the Civil Practice Act, and is prohibited from acting in legal matters for another. (Penal Law, § 270.)

In a court of record (and the Municipal Court is a court of record) a duly licensed attorney is the only one authorized to practice law or appear in legal matters for another. (*Heyer* v. *Denning, supra;*

*Cobb* v. *Judge of Superior Court of Grand Rapids,* 43 Mich. 289.)
Corporations are prohibited from practicing law. (Penal Law,
§ 280.) They have no power to carry on the practice of the learned
professions, either directly or through hired practitioners. (*Mattʉr
of Co-operative Law Co.*, 198 N. Y. 479.) A corporation composed
of lawyers to do a law and collection agency business has been held
illegal. (Id.; *Matter of Associated Lawyers' Co.*, 134 App. Div. 350.)
Section 280 contains a provision which reads as follows: " It shall
be unlawful for any corporation or voluntary association to practice
or appear as an attorney-at-law for any person *other than itself* in
any court in this State or before any judicial body, or to make it a
business to practice as an attorney-at-law, for any person *other
than itself*, in any of said courts." (Italics mine.)

In our opinion the words " other than itself " merely grant
immunity to the corporation for an act which otherwise would
be the subject of punishment and do not, expressly or by implica-
tion, recognize any ability by the corporation to bring an action
or to appear or answer in person. That provision does not confer
authority or power to so act. No other statutory provision authoriz-
ing a corporation to appear or answer is called to the attention of
this court.

Some may deem it desirable that corporations under modern
conditions should have additional powers, despite legislative enact-
ment and judicial decision to the contrary. Some even have
thought that corporations should be permitted to practice law.
However, for the courts to assume powers not granted by statute
or recognized by the common law would amount to an assumption
of the legislative function. Upon well-settled principles of the
American form of government courts should not encroach upon
the domain of legislation. If corporations are to be permitted to
appear in court by their officers and to conduct or manage their
own litigations, the grant of such power, in our opinion, is a matter
for consideration by the legislature and not by the courts.

From the foregoing it appears that a corporation is not permitted
to practice law, directly or through agents or employees, and is not
authorized by statute to appear *in propria persona;* that when it acts
it must do so through a natural person and in a court of record a duly
licensed attorney is the only one who may appear or act for another.
We see no difference between a corporation suing as a plaintiff or
appearing as a defendant except that in the former the appearance
is voluntary and in the latter it may be voluntary or involuntary.
If we are correct in holding that section 280 confers no such power,
it follows that the defendant corporation was not authorized

to appear or answer in person, and the motion to strike out the answer should have been granted. *Sellent-Repent Corp.* v. *Queens Borough Gas & Elec. Co.* (160 Misc. 920) is to the contrary. We do not agree with the conclusion there expressed. *Mortgage Commission* v. *Great Neck Improvement Co.* (162 Misc. 416), a well-considered opinion by HALLINAN, J., disagrees therewith and supports the position here taken. Although there are no decisions by the appellate courts of this State called to our attention which support our view, there are many in other courts and jurisdictions, among which are the following: *Whalen, Inc.,* v. *Pritzert* (N. Y. L. J. May 4, 1937, p. 2230); *Finox Realty Corp.* v. *Lippman* ([N. Y. Mun. Ct.] 163 Misc. 870); *Nightingale* v. *Sheldon* (18 Fed. Cas. 239, No. 10,264); *Commercial & R. R. Bank of Vicksburg* v. *Slocumb* (14 Pet. 60); *Bank of Bristol* v. *Ashworth* (122 Va. 170; 94 S. E. 469); *Cobb* v. *Judge of Superior Court of Grand Rapids* (43 Mich. 289); *Culpepper Nat. Bank* v. *Tidewater Improvement Co., Inc.* (119 Va. 73; 89 S. E. 118); *Kankakee Drainage District* v. *Commissioners of Lake Fork, etc.* (29 Ill. App. 86; revd. on other grounds, 130 Ill. 261; 22 N. E. 607); *Kaufman* v. *Jurczak* (102 N. J. Eq. 66; 139 A. 716); *Matter of Looney* (262 Fed. 209); *Nispel* v. *Western Union Railroad Company* (54 Ill. 311); *Noble & Fowler* v. *Bank of Kentucky* (10 Ky. [3 A. K. Marshall] 262); *Quarrier* v. *Peabody Ins. Co.* (10 W. Va. 507); *State* v. *Passaic County Agr. Soc.* (54 N. J. Law, 260; 23 A. 680); *Thomas* v. *Mahin* (76 Colo. 200; 230 P. 793); *Wade* v. *Grand Lodge Brotherhood of Railroad Trainmen* (247 Ill. App. 532). (See, also, N. Y. L. J. editorial, March 3, 1937, p. 1064.)

Order reversed, with ten dollars costs, and motion granted, with leave to the defendant to appear and answer through an attorney within five days after service of order entered hereon upon payment of said costs, with leave to appeal to Appellate Division.

SHIENTAG, J., concurs; NOONAN, J., dissents with memorandum.

NOONAN, J. (dissenting). I dissent from the conclusion of my associates that the defendant corporation was not entitled to appear and answer herein *in propria persona.* (Penal Law, § 280.)