MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Landlord, *v.* PREVER LUMBER COMPANY, Tenant.*

Municipal Court of New York, Borough of Manhattan, Third District,
March 14, 1938.

*Frederick L. Allen* and *A. L. Caccia, Jr.*, for the landlord.

*Zarah Williamson*, for the tenant.

* Revd., 168 Misc. 358.

GARRISON, J. This summary proceeding for the possession of premises occupied by the tenant after default in payment of rent due and demanded for the month of February was instituted by filing a petition and obtaining from the clerk a precept containing a demand for a money judgment.

The petition contains the following allegations (quoting so much as is material to the question presented): " The petition of Jas. N. Wells' Sons, Inc., of said city respectfully shows that your petitioner by Ross F. Eadie, vice-president, a domestic corporation organized and existing under the law of the State of New York, is the agent in respect to the premises hereinafter described of Mutual Life Insurance Company of New York, a domestic corporation, etc., the owner in fee and landlord of the premises hereinafter described * * * That your petitioner is duly authorized to institute and maintain these proceedings to dispossess the said tenant. * * * That your petitioner herein demands judgment against the tenant for rent in arrears * * *. Wherefore your petitioner prays for a final order * * * and for a personal judgment for rent." The petition is signed thus: " James N. Wells' Sons, Inc., by Ross F. Eadie, Vice-President, Petitioner."

Verification is made by Ross F. Eadie that " he is the petitioner * * * that deponent is the vice-president of Jas. N. Wells' Sons, Inc., the agent of said landlord * * * within the personal knowledge of deponent as agent for said landlord for which reason this verification is made by this deponent and not by said landlord." Immediately following in printing, but now deleted in entirety by appropriately typed marks, was the following: " That the reason this verification is not made by the landlord in person is that the said landlord is a domestic corporation and your deponent is an officer thereof, to wit: its ———— and that the information above stated is from the books and records of the corporation." The name " Ross F. Eadie " is signed thereto individually and duly acknowledged.

After service of the precept tenant appeared by its attorney and answered by a general denial and pleads an affirmative defense " that the landlord has failed in its precept and petition to bring itself within the jurisdiction of the court herein." Upon trial date, counsel for the landlord first appeared and an adjournment was granted by consent; and on the adjourned date, after trial commenced, counsel on both sides stipulated as to the facts in the petition. Tenant's counsel then moved to dismiss the precept and petition on the ground that the landlord has not properly brought itself within the jurisdiction of this court in that the precept and petition have been applied for by a corporate agent separate and

distinct from the corporate landlord and entirely distinct in entity and character from the corporate landlord, with no common officers of any kind; and the officer of the corporate agent, Ross F. Eadie, is in no way connected as an officer or a stockholder with the corporate landlord.

The dismissal was moved by the tenant's attorney without prejudice to the landlord instituting another summary proceeding through a duly licensed attorney of this State.

No attorney's name appears on the petition and precept and copy of the answer filed necessitated service thereof upon the corporate agent.

The legal question presented is: May a corporate agent (a stock corporation) petition in its corporate name and secure from the clerk of this court a precept in summary proceedings to dispossess a tenant of its principal, a corporate landlord? No reported opinion nor any case on appeal has come to my attention involving the precise objection raised.

The Appellate Term, First Department, has recently determined in three cases on appeal the questions of (1) a corporation appearing and defending in civil suits in its own person without a duly licensed attorney; and (2) a corporate landlord appearing by an agent — a natural person — in summary proceedings without an attorney to institute the proceedings. In each case the corporation was appearing in its own behalf and in its own interest — and not in the interests of or in the stead of another.

In *Aberdeen Bindery, Inc.*, v. *Eastern States Printing & Publishing Co., Inc.* (166 Misc. 904), Justice HAMMER, writing the opinion of the majority, held that in a civil action a corporation may not appear and answer by its president in person but must appear by attorney duly licensed to practice. Nor may it institute a civil action in person. The conclusion reached by the Appellate Term in the *Aberdeen* case, although for the first time discussed by an appellate tribunal in this State, is in accord with the great weight of opinions and authorities in the Federal courts, in other States, and in a court of original jurisdiction of this State. (*Mortgage Commission* v. *Great Neck Improvement Co.*, 162 Misc. 416.)

Justice HAMMER, confining the discussion solely to civil suits, declares that section 236 of the Civil Practice Act applicable to personal appearance in civil actions contemplates a natural person and not a corporation. Discussing section 280, Penal Law, the learned justice quotes the following therefrom: " It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, or to make it a business

to practice as an attorney-at-law, for any person other than itself, in any of said courts." And states the following: " In our opinion, the words ' other than itself ' merely grant immunity to the corporation for an act which otherwise would be the subject of punishment and do not, expressly or by implication, recognize any ability by the corporation to bring an action or to appear or answer in person. That provision does not confer authority or power to so act. No other statutory provision authorizing a corporation to appear or answer is called to the attention of this court."

In the case of *383 Central Park West Corporation*, Landlord, v. *Philip Katz*, Tenant, Appeal No. 221, October, 1937, term, the Appellate Term affirmed without opinion a final order in favor of a corporate landlord appearing by a natural person as agent of the corporate landlord without an attorney instituting a summary proceeding. (No opinion for publication.) In the *Katz* proceeding it should be noted that at the time of trial the corporate landlord was represented by an attorney.

In the third case of *Frojen* v. *Schein*, Appeal No. 55, M. C., November, 1937, term, in a summary proceeding by a corporate landlord against the tenant, a final order for possession and a money judgment on tenant's default in answering having been granted, and on motion by tenant to vacate the judgment in that the corporate landlord improperly instituted the proceeding in person having been denied by the lower court, on appeal the order denying the motion was affirmed by the Appellate Term without opinion. (No opinion for publication.)

Although in each of these cases so appealed the same general attack was made upon the right of a corporation to institute, or defend, an action, or proceeding, in person, the different results on appeal are justified and distinguishable although at first they appear to be inconsistent. In my opinion the different result in the summary proceedings on appeal is attributable to the enactment found in subdivision 6 of section 1414, Civil Practice Act, and particularly in the word " agent " therein contained, which reads: " 6. The legal representative, agent or assignee of the landlord, purchaser or other person so entitled to apply."

From an analysis of the cases on summary proceedings — on appeal the *Katz* and *Schein* cases (*supra*) and the reported cases in the Municipal Court (not appealed), *Finox Realty Corp.* v. *Lippman* (163 Misc. 870), MATTHEWS, J., and *10th St. & 5th, Inc.*, v. *Naughton* (Id. 437), TONEY, J., it appears that in each proceeding the petitioner was an individual — a natural person — describing himself as " agent " of the landlord. Within the words of the statute, by the word " agent," the express power was given in

summary proceedings to a natural person to petition and appear for a corporate landlord without an attorney and such a proceeding may be instituted according to, and in compliance with, the law. In none of the cases above nor in the case at bar was the petitioner a "legal representative" within the definition and understanding in law of that term.

But in the case at bar the "agent of the landlord" is a corporate agent and is not an individual and natural person. May such corporate agent apply and petition as an agent within the scope of subdivision 6 of section 1414 of the Civil Practice Act? I believe that it cannot. To read into the statute involved a legislative intent to include and so empower a "corporate agent" would breathe new life and other powers into such a corporate agent as are unauthorized by the General Laws that create a stock corporation and define its general powers and limitations. (See Gen. Corp. Law, § 3, subd. 3, and § 13; Stock Corp. Law, § 5.) "Any lawful business" for which incorporation is permitted excludes the learned professions — the professions or practice of law, medicine, dentistry, etc. (See annotations under Stock Corp. Law, § 5, vol. 58, McKinney's Consolidated Laws; Rosbrook, Law of Corporations in New York [3d ed. 1926], § 15, p. 16.) For any corporation to practice or appear as an attorney at law for any person other than itself is unlawful, illegal, criminal, and contravenes public policy so well defined in section 280 of the Penal Law, and, in particular, reference is made to the concluding sentence of said section: "But no corporation shall be permitted to render any services which cannot lawfully be rendered by a person not admitted to practice law in this State."

The preparation and drawing of such formal documents as precepts and petitions for use in summary proceedings by a corporation or a person not licensed to practice the profession of law in an isolated instance might not be condemned as a practice of law, but as a constantly recurring detail and part of the usual business incidental to real estate management corporations such repeated preparation and drawing becomes a practice of the law.

Has the Legislature clearly and unequivocally made a grant of power to a corporate agent (a stock corporation) in the words expressed, namely, "agent," in derogation of all other limitations which it has imposed on this entity; and has it thereby conferred powers which are withheld and denied under the general powers of "any lawful business" within the meaning of the General Laws relating to corporations and which contravenes its public policy so fully expressed in the Penal Law? It could do so, but the fact is that it has not done so. From an examination of the whole

context of section 1414 of the Civil Practice Act it appears the Legislature did have in mind specific corporations organized for the suppression of vice and entitled them to apply, when it enacted in subdivision 7 thereof as follows: " The person or corporation authorized by this article to proceed to remove persons using or occupying premises or a part thereof as a bawdy-house," and such a corporation authorized by this article is defined in section 1417 of the Civil Practice Act, reading in substance: " An owner or tenant * * * of any premises * * * or any domestic corporation organized for the suppression of vice, subject to or which submits to visitation by the State Board of Charities and possesses a certificate from such Board of such fact and of conformity with its regulations, may serve personally upon the owner or landlord of the premises so used or occupied, or upon his agent, a written notice requiring the owner or landlord to make application for the removal of the person * * *. If the owner * * * does not make such application * * * the person or corporation giving the notice may make application for such removal on a petition stating the jurisdictional facts."

To permit the corporate agent, James N. Wells' Sons, Inc. (showing upon the petition and precept herein on its face that the petition is in its corporate capacity and as agent for the landlord and for one other than itself), to institute and maintain these proceedings is not in compliance with law nor within the purview of the Civil Practice Act, article 83.  It is a well-recognized doctrine of the law that a principal cannot cloak his agent with more powers than the sovereign or the law allows.  The same conclusion would be reached had this corporate agent appeared for the purposes and to the extent herein whether with or without an attorney at law for any principal whether that principal be another corporation, individual, partnership, or estate.

Further consideration must now be given to the tenant's prayer for relief for dismissal, and a consideration of what penalty or detriment the corporate landlord must suffer by the illegal act of its agent.  Can the proceeding in any wise be maintained upon the allegations and showing herein?

In *Life & Fire Ins. Co.* v. *Mechanic Fire Ins. Co.* (7 Wend. 31, 34), Supreme Court of Judicature held that plaintiff corporation exceeded its powers in making a loan to the defendant.  In an action to recover, SUTHERLAND, J., for the court, said: " It was contended, however, by the counsel for the plaintiffs, that if the loan was illegal and unauthorized, it must be considered the act of the agents or officers of the Company, and not of the Company itself; and that they therefore ought to be allowed to recover back

their property thus improperly disposed of. This would be a most convenient distinction for corporations to establish; that every violation of their charter, or assumption of unauthorized power, on the part of their officers, although with the full knowledge and approbation of the directors, is to be considered the individual act of the officers, and is not to prejudice the Corporation itself. There would be no possibility of ever convicting a corporation of exceeding its powers, and thereby forfeiting its charter or incurring any other penalty, if this principle could be established."

Although the situation is not analogous, the principle enunciated is sound and the observation is pertinent.

Rosbrook, Law of New York Corporations ([3d ed.] § 652, at p. 666), in discussing corporate liability for torts and crimes and punishment of a corporation, makes this observation: " The corporation plays so large a part in commercial life that it is a serious defect in our laws that no provision is made for imposing any substantial punishment for crimes by corporations. Fines may of course be imposed, but the result is inevitably that the consumer pays the fine and the corporation takes a profit out of its infraction of a law. Since it is in practice difficult to get ' at the man higher up ' the punishment of individual agents falls on underlings and has small deterrent effect on the management. In theory, of course, dissolution is capital punishment applied to a corporation, but its working in practice frequently is formal merely. There is no particular reason, except that it has never been done, why a corporation should not be imprisoned for a crime, its charter, property and business being taken into custody for the period of the sentence. Most corporations thus impounded could be made to earn a fair sum for the government during the period of the sentence. Such a sentence may seem severe, but it is trifling compared with the sentences imposed on individuals. The corporation is almost a necessary instrument of honest business. But it has been so far developed into an entity, it affords so many loopholes for the escape from liability of its constituent individuals, that unless it is subjected to a criminal liability which is not to be scoffed at it will become a menace to our economic life."

To the argument that business of a corporation should not be unnecessarily hampered and unduly restricted and technicalities countenanced, appropriate answer from the above-quoted authority could well be made that condonement of the wrong — and scolding the agent — would be " scoffing " at compliance with law.

There can be no waiver of the objection duly taken by the tenant to the jurisdiction by the subsequent appearance at the trial by an attorney for the corporation, and the invalidity cannot be cured.

In *Commercial & Rail Road Bank of Vicksburg* v. *Slocomb* ([1840] 39 U. S. [14 Pet.] 60, at p. 65) the court said: " But we are clearly of opinion, that in the case of a corporation aggregate, no waiver of an objection to jurisdiction could be produced, by their appearing and pleading by attorney: because, as such corporation cannot appear but by attorney; to say that such an appearance would amount to a waiver of the objection, would be to say, that the party must from necessity forfeit an acknowledged right, by using the only means which the law affords of asserting that right."

Judgment rendered upon a proceeding improperly commenced is void: " Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in *propria persona*. A judgment rendered in such a proceeding is void."

The above quotation is embodied in a recent case in the Federal court for the Northern District of California in *Mullin-Johnson Co.* v. *Penn Mut. Life Ins. Co.* (9 F. Supp. 175). *Nightingale* v. *Oregon Cen. R. Co.* ([1873] 18 Fed. Cas. 239, No. 10,264) is cited with approval in the *Aberdeen* case (Appellate Term, *supra*).

An appearance, or an appearance in court, is not merely that appearance at the time of trial, but it is any authorized appearance at or to any function of the court. The appearance in the instant proceeding before the clerk who issued the precept is a fatal defect and invalidates the proceeding. The clerk should not have accepted the petition in the case at bar and his issuance of the precept was not in compliance with law. The motion of the tenant to dismiss the petition and precept is granted without prejudice to the corporate landlord's properly commencing a new proceeding. Final order for the tenant in accordance herewith.