# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## JOHN RADER *vs.* JOHN SNYDER AND W. R. LIVESAY.

### January Term, 1869.

1. A party need not have any counsel in court if he can be present to give his case personal attention.

2. If a suit is brought by an attorney not qualified to practice, it is no good cause to dismiss it; but the attorney should himself suffer the punishment imposed by law.

The matter in controversy in this case is apparent from the opinion of the judge delivering it.

*Sperry* for the plaintiff in error.
*Snyder* for the defendants in error.

MAXWELL, J.    An action of debt was pending in the circuit court of Greenbrier county in the name of the plaintiff in error to recover from the defendants the sum of 641 dollars.    Process had been regularly served, declaration filed, and office judgment entered at rules and the cause placed on the court docket.

The defendants, by their counsel, appeared and moved the court to quash the declaration and dismiss the suit, upon the ground that although the declaration was signed "plaintiff," it was in fact prepared and signed, and the suit brought by Samuel Price, an attorney not authorized to practice law or bring suit under the law of West Virginia.

When the motion was made James H. McGinniss, who had just qualified as an attorney in the court and who had had no previous connection with the case, appeared as counsel for the plaintiff.    Joel McPherson, the clerk of the court, was then sworn, who proved that the memorandum at rules for the said suit was in the handwriting of Mr. Price, and that the declaration, or at least the written part thereof, as well as the signature thereto of the "plaintiff," were in the

handwriting also of Mr. Price.　Whereupon the court being of opinion that it was sufficiently proved that the said suit, although nominally in the name of the plaintiff himself, was in fact instituted and conducted by S. Price, as his attorney, who is not a licensed attorney under the law of this State, and that such a proceeding on the part of the plaintiff was an evasion and violation of the attorneys' test oath, ordered the suit to be dismissed at the costs of the plaintiff, with leave to him to withdraw the bond on which the suit was brought.　To the action of the court the plaintiff excepted and had the facts certified.　The only proof in the case was that the memorandum at rules for the suit, the written part of the declaration, and the word "plaintiff," thereto signed, were in the handwriting of Mr. Price. It may be fair to suppose that the Mr. Price named in the evidence, is the Samuel Price meant in the motion ; the motion was made because Samuel Price was an attorney not authorized to practice law or bring suits under the law. There is not one particle of proof that Price is an attorney at law, either practicing or excluded from practice by his failure or inability to take the lawyers' test oath.　When the motion was made to dismiss, the plaintiff's counsel was present in court to attend to the case.　The plaintiff need not have had any counsel if he could have been present to have given the case his personal attention.　Moreover, if the suit was brought by an attorney not qualified to practice, that was no good cause to dismiss the plaintiff's suit, but the attorney should himself suffer the punishment imposed by law.

It seems to me, upon the facts of this case, the order to dismiss was not justified, and that the same will have to be reversed with costs to the defendants in error, the cause reinstated upon the docket, and remanded for further proceedings to be had therein.

The remaining judges concurred.

JUDGMENT REVERSED.