42          COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,          Peterson vs. Parriott et al.          1870.

# Wheeling.

SARAH G. PETERSON *vs.* JOSEPH S. PARRIOTT *et al.*

January Term, 1870.

1. Where an injunction has been docketed for several terms, and a motion to dissolve is made in open court, it is not error to dissolve the injunction without notice to the complainant.

2. It is error to dissolve an injunction where the facts charged in the bill, if true, are sufficient to support and justify the injunction, without an answer having been filed denying the facts charged.

3. The fact that a complainants' attorney, who prepared the bill, has not been admitted to practice in the court where the injunction has been granted, is no cause for the dissolution of the injunction and dismissal of the bill.—(See 3 W. Va. Rep., 413).

On the 8th day of July, 1864, William F. Peterson and William S. Gill presented the bill filed in this cause, to the judge of the circuit court for Marshall county, and obtained an injunction thereon against the defendants, staying waste of lands, &c. At the September term, 1866, the death of said William F. Peterson having intervened, the cause was revived in the name of Sarah G. Peterson.

At the November term, 1867, the injunction was dissolved and the bill dismissed, because the complainants' counsel had not qualified to practice law in Marshall circuit court.

The following errors for dissolving the injunction and dismissing complainants' bill, were assigned in the petition for appeal:

"1st. It was error to dissolve the injunction without due notice of the motion being given to complainants.

"2d. It was error to dissolve the injunction before the defendants had answered.

"3d. It was error to dissolve the injunction till all the defendants had answered.

"4th. It was error to dissolve the injunction while material allegations in the bill were unanswered.

"5th. It was error to dissolve the injunction and dismiss complainants' bill, because their counsel had not qualified as an attorney at law, in the circuit court of Marshall county.

"6th. It was error to dismiss complainants' bill at the same term and at the same time the injunction was dissolved."

Hon. E. H. Caldwell, judge of the circuit court of Marshall, presided on the hearing of the cause.

*Ewing* for the appellant.
*Criswell* for the appellees.

MAXWELL, J.   The first cause of error assigned is that, it was error to dissolve the injunction without due notice of the motion being given to the complainants.   The case was on the docket and had been for several terms, when the motion to dissolve was made, in open court, and the plaintiff was therefore not entitled to have notice of the motion, so that there is no error in this respect.

The second cause of error assigned is that, it was error to dissolve the injunction before the defendants had answered.   There is, what purports to be the answer of one of the defendants in the record, but it does not appear that it was ever filed, or any way acted on.   As no answer was filed, there was no denial of the facts charged in the bill which, if true, are sufficient to support and justify the injunction, so that it was error to dissolve it under the circumstances.

In the view I take of the case, the third, fourth, and

sixth causes of error do not arise in the case, and are passed by.

. The fifth cause of error assigned is that, it was error to dissolve the injunction and dismiss the bill, because complainants' counsel had not qualified as an attorney at law, in the circuit court of Marshall county. The sole ground upon which the injunction was dissolved, as appears from the record was, that the complainants' counsel had not been admitted to practice in the court in which it was pending. The fact that the complainants' attorney was not admitted to practice in that court, was no cause to dissolve the injunction and dismiss the bill. *Rader* vs. *Snyder*, 3 W. Va. Rep., 413.

The order dissolving the injunction and dismissing the bill, will have to be reversed, with costs to the appellant, the injunction reinstated, and the cause remanded for further proceedings to be had therein.

The other judges concurred.

ORDER REVERSED.