## Galen F. Holshue, Appellant, *v.* W. T. Morgan.

## C. H. Gleason, Trustee, Appellant, *v.* W. T. Morgan.

*Execution—Writ issued by attorney not qualified—Standing of junior execution creditors.*

Junior execution creditors have no standing to set aside a writ of execution because it was issued upon the præcipe of an attorney at law not admitted to practice in the county in which the writ issued.

When the prothonotary accepts the præcipe and issues the writ, it becomes the lawful process of the court which the sheriff is bound to execute; and with which the court will not recognize the right of strangers to interfere, without the sanction of the defendant.

Argued May 29, 1895. Appeals Nos. 75 and 76, July T., 1895, by Galen F. Holshue, and by C. H. Gleason, trustee, junior execution creditors, from orders of C. P. Northumberland Co., July T., 1895, Nos. 113 and 129, Feb. T., 1895, refusing to set aside a prior writ of execution. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to set aside execution.

From the record it appeared that on December 5, 1894, a writ of fi. fa. was issued on the præcipe of C. O. Burkert, Esq., attorney of the Hooven Mercantile Company, against W. T. Morgan. Burkert was a member of the Schuylkill county bar, but not a member of the Northumberland county bar. Subsequent writs of execution were issued by appellants. Appellants filed a petition praying that the writ of the Hooven Mercantile Company be set aside, for the sole reason that the præcipe was signed and the fieri facias ordered to be issued by C. O. Burkert, Esq., a member of the bar of Schuylkill county, who was not then admitted to practice in the courts of Northumberland county. A rule to show cause was granted and service thereof accepted by the said C. O. Burkert as attorney for the Hooven Mercantile Company. An answer was duly filed by the company setting forth, inter alia, that the writ of the Hooven Mercantile Company was issued by C. O. Burkert by their authority and direction; that the defendant, W. T. Morgan, consented and was still consenting to the said execution, and denying the right of the complainants, as subsequent execution creditors, to take advantage of the irregularity in issuing the writ by direction of an attorney of another county, not admitted to the Northumberland county bar. Before the hearing W. T. Morgan, the defendant, filed an affidavit admitting the correctness of the judgment of the Hooven Mercantile Company and his indebtedness to them, and also waiving any possible irregularities in the issuing of the fieri facias on their judgment against him. To this proceeding C. A. Gleason, trustee, a subsequent execution creditor, was not a party. Upon hearing and argument the court held that the complainants, as subsequent execution creditors, had no standing to set aside the writ for such an irregularity, and discharged the rule. In the meantime a levy had been made and a large amount of personal property taken in execution and sold. After such sale and before the return day of the writ, G. F. Holshue and C. H. Gleason, trustee, the subsequent execution creditors, filed an affidavit of controversy under the rule of court. The Hooven Mercantile Company, the first execution creditor, having first filed an answer to the affidavit of controversy, took a rule on the sheriff to show cause why the money arising from said

sale should not be applied on their writ. The sheriff failed to appear or answer, but an answer was filed, and the rule contested by G. F. Holshue and C. H. Gleason, trustee, the subsequent execution creditors. The affidavit of controversy and the answer raised the same question already passed upon by the court on the rule to set aside the execution of the Hooven Mercantile Company, with the additional allegation that such execution was issued on the day the judgment fell due, and also that the Hooven Mercantile Company after issuing their writ, and before the subsequent executions had been issued or came into the hands of the sheriff, advised and directed the defendant to take and carry out of his store such goods as he desired, and further allowed the defendant to remain in care of the store after the levy was made. This was denied by the Hooven Mercantile Company. This rule was made absolute by the court on the ground that the affidavit of controversy did not raise any question of law or fact which would warrant the paying into court of the money for distribution.

*Error assigned* was above order.

*J. W. Gillespie* and *S. B. Boyer*, for appellants, cited, Brackenridge v. Cumberland County Judges, 1 S. & R. 187; Brennan's Est., 65 Pa. 16; Kelley v. Herb et al., 147 Pa. 563, and the following rule of court:

" Rule LXIV. (General Rule) sec. 267, page 80, of Rules of Court, provides as follows: ' All petitions, remonstrances, and other applications to the several courts, must be presented by the party in interest, personally, or by an attorney of record of the court, whose name must be indorsed thereon; and no præcipe, directed to the prothonotary or to either of the clerks of the several courts, and no account presented for confirmation, shall be recognized by the proper officer, unless it be presented and signed by the party in interest, personally, or by an attorney of record of the court.

" ' This rule shall apply to the entry and conduct of amicable actions and to the satisfaction of judgments, unless satisfaction is entered by virtue of a special warrant of attorney.' "

*W. H. M. Oram, C. O. Burkert* and *W. A. Marr* with him,

for appellee.—Plaintiff, his agent or attorney, is the proper person to sue out an execution: 7 Am. & Eng. Enc. of L. 118. An erroneous judgment or execution is not void and cannot be defeated by subsequent judgment or execution creditors on the ground of error or irregularity: Wilkinson's App., 65 Pa. 189; Lowber & Wilmer's App., 8 W. & S. 387; Roemer & Denig's App., 18 Pa. 482; Maloney Bros. App., 138 Pa. 330; Pott's App., 20 Pa. 253. The court of common pleas will not be interfered with in the construction of its own rules: Gannon v. Fritz, 79 Pa. 303; Coleman v. Nantz, 63 Pa. 178.

PER CURIAM, July 18, 1895:

Whether Mr. Burkert was a member of the bar admitted to practice in the courts of Northumberland county at the time the judgment of the Hooven Mercantile Co. was entered and the fi. fa. thereon was issued, or not, it is very certain he acted as the authorized agent of the plaintiff in what he did and without any objection or dissent on the part of the defendant. As a matter of fact the prothonotary did issue the writ of fi. fa. on the judgment, and when it came into the hands of the sheriff it was the lawful process of the court in due form, which he was as much bound to execute as he was to execute any other lawful process in his hands. We cannot recognize the right of strangers to interfere, without the sanction of the defendant, in such a case.

The affidavits of controversy raise no facts upon which an issue could be granted and were therefore properly disregarded by the learned court below.

Orders affirmed and appeals dismissed at the cost of appellants.