KERR v. WALTER.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. APPEARANCE—AUTHORITY OF COUNSEL—ESTOPPEL.
   Where counsel for defendant authorized a person not admitted to practice as an attorney to appear on the return day, defendant's counsel could not afterwards contend that there was no appearance.

2. SAME—APPEAL—JUDGMENT BY DEFAULT.
   Under Municipal Court Act, § 311 (Laws 1902, p. 1578, c. 580), authorizing an appeal if defendant does not appear, a defendant who has appeared does not obtain the right to appeal by afterward permitting judgment to go against him by default.

On motion by appellant to amend the remittitur, and for leave to reargue the appeal, or, in the alternative, for leave to appeal to the Court of Appeals. Motion denied.

For order dismissing appeal, see 91 N. Y. Supp. 1099 (mem.).

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Harcourt Bull, for the motion.

Herman S. Butler, opposed.

PER CURIAM. The alleged error in the remittitur is admitted by counsel for the appellant to be "in itself a trivial and unimportant matter." Moreover, the counsel has fallen into error himself, by making it appear in his order to show cause that the remittitur recites "that counsel for plaintiff respondent appeared upon said argument." There was in fact no oral argument of the appeal, and the remittitur merely recites, "and the said appeal having been submitted by Mr. Harcourt Bull, of counsel for the appellant, and by Mr. Herman S. Butler, of counsel for the respondent," etc. No reason appears for changing this recital.

The appeal in this case was by the defendant from a judgment by default rendered in the Municipal Court, and, if the defendant did not appear in the action, an appeal could be taken from the judgment. New York Municipal Court Act, § 311 (Laws 1902, p. 1578, c. 580). ·Counsel for appellant earnestly contends that there was no general appearance for the defendant, but the record is conclusively against him, for it appears by the justice's affidavit and the stenographer's minutes that on November 27, 1903, the return day of the summons, the "defendant's counsel" appeared specially, and upon being informed by the court "that, if he did not plead generally, judgment would be given by default against the defendant, counsel for defendant then pleaded generally." This "counsel," as appears by the affidavit of the real counsel, had not been admitted to practice as an attorney, and was forbidden to practice by section 63 of the Code of Civil Procedure; but the real counsel who sent him there cannot avail himself of the imposture, if such it was, which he made possible. He afterward attempted to withdraw the general appearance, and judgment was rendered for the plaintiff after an inquisition. The defendant having once appeared in the action, the court gained jurisdiction, and the defendant, subsequently permitting judgment by default, is not at liberty to appeal from the judgment.

For these reasons, the motion should in all respects be denied, with costs.

