### ROUILLER v. A. & B. SCHUSTER CO.

(District Court, D. Arizona. · March 31, 1914.)

No. 82.

1. ATTORNEY AND CLIENT (§ 10*)—APPEARANCE BY ATTORNEY NOT ADMITTED.

While the court may refuse to permit one not a member of its own bar to appear before it, it may in its discretion allow attorneys of other courts to appear and conduct cases.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 14; Dec. Dig. § 10.*]

2. ATTORNEY AND CLIENT (§ 10*)—APPEARANCE BY ATTORNEY NOT ADMITTED.

A complaint would not be stricken, though complainant's attorney was not a member of the bar of the. District Court, where he was a member of the bar of the United States Supreme Court and of the state Supreme Court, his certificate of qualifications, in which the defendant's attorney joined, showed that his admission would follow his application as a matter of course, and he had been authorized by the then judge of the District Court to file and prosecute the case.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 14; Dec. Dig. § 10.*]

3. ATTORNEY AND CLIENT (§ 71*)—AUTHORITY—TIME FOR QUESTIONING.

It was too late after answer and plea for defendant to question the authority of plaintiff's attorney to represent him.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 97–101; Dec. Dig. § 71.*]

4. ABATEMENT AND REVIVAL (§ 12*)—PENDENCY OF ACTION IN STATE COURT.

The pendency of an action in a state court does not bar the prosecution of the same cause of action in the federal courts.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. TROVER AND CONVERSION (§ 29*)—ACTIONS—PARTIES.

    In an action for converting property received by defendant from D. with knowledge of plaintiff's ownership, D. was not a necessary party, as nothing in the case could affect his rights.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 189; Dec. Dig. § 29.*]

At Law. Action by A. E. Rouiller against the A. & B. Schuster Company. On motion to strike, demurrers by complainant to defendant's pleas in abatement, and demurrers by defendant to the complaint. Motion denied. Demurrers to the pleas sustained, and demurrers to the complaint overruled.

Isaac Barth, of Albuquerque, N. M., for complainant.

E. S. Clark, of Prescott, Ariz., and Fred W. Nelson, of St. Johns, Ariz., for defendant.

## Motion to Strike.

SAWTELLE, District Judge. Defendant has filed its motion to strike the complaint from the files upon the ground that the attorney for plaintiff had not been admitted to practice in this court at the time he signed the complaint in the case at bar.

[1-3] It is admitted that plaintiff's attorney is a member of the bar of the Supreme Court of the United States and the Supreme Court of this state, and that the defendant's attorney has signed the certificate of the qualifications of plaintiff's attorney, and there is no pretense that he is not a proper party. It was asserted by plaintiff's attorney, and not denied by attorney for defendant, that prior to filing the complaint plaintiff's attorney obtained permission from the then judge of the court, Hon. Richard E. Sloan, to file and prosecute this case. It also appears from the record that, prior to making the motion to strike the complaint, the defendant's attorney had filed his answer to the same. While it is within the power of the court not to permit one not a member of its own bar to appear before it, it is also a matter resting in the discretion of the court, and it may, if it sees fit, allow the attorneys of other courts to appear and conduct cases before it. It is a matter of common custom that attorneys of the Supreme Court bar are frequently permitted to appear in other courts of the United States without formal admission to the bar of those courts. The attorney for plaintiff being a member of the bar of the highest courts, both federal and state, and purporting to act as attorney for plaintiff in the cause, cannot be held to be simply an agent of the plaintiff, and the certificate of qualifications in which the defendant's attorney joined shows that his admission would follow his application as a matter of course. The permission given him by Judge Sloan armed him with a clear right to appear in this case. It is too late after answer and plea to raise the question of the authority of plaintiff's attorney to represent him. Whatever may be the rights or the powers of the court in the matter, there are no rights of defendant which are injuriously affected by the permission given by Judge Sloan, and consequently he is not entitled to have the complaint stricken.

See Rader v. Snyder, 3 W. Va. 414, in which it is held that, where the suit is brought by an attorney not authorized to appear, the remedy is by punishing such attorney and not by dismissing the case.

The motion to strike is denied.

## Pleas in Abatement.

[4] Four distinct causes of action are alleged in the complaint. The first is for the alleged conversion in the year 1911 of a certain quantity of wool which the defendant received from one Duran, knowing it to be the property of plaintiff, and the second cause of action is for a similar conversion in the year 1912. The third cause of action is for the conversion of 500 sheep the property of plaintiff, which the defendant, with a knowledge of plaintiff's ownership, received from the said Duran. The fourth cause of action is for an alleged oppressive and unfounded levy of an attachment by the defendant on the property of the plaintiff under a claim of indebtedness to defendant by the plaintiff and said Duran. It is alleged that the plaintiff was in no wise indebted to defendant and that the attachment was levied on the sheep which the defendant here knew were the property of the plaintiff, and special damages are alleged to have been sustained by the plaintiff by reason of the levy.

The defendant filed pleas in abatement against each of the causes of action, which pleas are founded on the pendency of an action brought by defendant here in the courts of Apache county, Ariz., against the plaintiff here and one Duran jointly.

It is alleged in these pleas that there is another action pending between the parties hereto involving the same matters and things in controversy in this action and describes the action as one pending in the superior court of Apache county, state of Arizona, wherein the defendant herein is plaintiff and Rouiller, the plaintiff here, and one Duran, mentioned in the complaint, are defendants. The plaintiff has demurred to these pleas as showing no defense to the action.

It has been repeatedly held that the pendency of an action in the state courts was no bar to the prosecution of the same cause of action in the federal courts, and authorities appear to be so numerous as to render the question beyond the pale of argument.

The Supreme Court of the United States has held this doctrine in a long line of cases beginning in Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95, and extending to Hunt v. N. Y. Exchange, 205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821. These decisions are conclusive of the question, and the demurrers to the pleas in abatement are sustained.

## Demurrers.

[5] Demurrers are filed to the first three causes of action on the ground that Duran has not been made a party to this suit.

In answer to this contention it is sufficient to say that by the allegations of the complaint they have no interest or title in the property alleged to be converted, but such conversion is charged to have been done with full knowledge of plaintiff's ownership. Nothing in this case can affect any right of the Durans, and they are not necessary parties, and the demurrers are overruled.