## In re LOONEY.

(District Court, W. D. Texas, El Paso Division. January 9, 1920.)

### No. 268.

1. BANKRUPTCY ⟨⟩225—REPRESENTATIVE OF "CREDITOR" NOT AN ATTORNEY CANNOT EXAMINE WITNESSES BEFORE REFEREE.

The word "creditor," as used in General Orders in Bankruptcy No. 4 (89 Fed. iv, 32 C. C. A. viii), does not include the agent, attorney in fact, or proxy of a creditor, and under such order and No. 22 (89 Fed. x, 32 C. C. A. xxv), a creditor cannot appoint a representative, who is not an attorney and counselor at law, to examine witnesses before a referee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

2. BANKRUPTCY ⟨⟩225—EXAMINATION OF WITNESSES BEFORE REFEREE BY "PARTY."

The term "party," as used in General Order in Bankruptcy No. 22 (89 Fed. x, 32 C. C. A. xxv), providing that the examination of witnesses before the referee may be conducted by the party in person, means the owner of the claim, and seems meant to exclude agents, attorneys in fact, and proxies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party.]

In the matter of Denia Labrucia Looney, bankrupt. On review of order of referee. Affirmed.

Dyer, Croom & Jones, of El Paso, Tex. (Gowan Jones, of El Paso, Tex., of counsel), for bankrupt.

Brown & Whitaker, of Murfreesboro, Tenn. (Volney M. Brown, of El Paso, Tex., of counsel), for T. E. Blanchard.

SMITH, District Judge. This is a certificate for the review of an order of H. R. Gamble, one of the referees in bankruptcy of this court, denying the right of T. E. Blanchard to examine the bankrupt at the first meeting of his creditors. Said Blanchard was the secretary of the Tri-State Association of Credit Men, and at said meeting filed the claims of 24 creditors, in each of which he was named as attorney in fact for the owner thereof, and in connection with each presented as his authority to act a power of attorney as follows:

"Said claimant hereby constitutes and appoints T. E. Blanchard, or his substitute indorsed hereon, its attorney in fact to join with other creditors and proceed in bankruptcy against the above-named debtor, under the provisions of the act entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898, and the amendments thereto, and to execute in the name of the undersigned, any usual or necessary petition or paper in that behalf, and to represent the claimant at all meetings of creditors herein, with authority to vote for trustee, also to accept any composition proposed by said bankrupt in satisfaction of ———— debts, and upon all other propositions submitted to the creditors, and to receive dividends and all notices in said cause."

Said Blanchard was not an attorney at law. The referee held that Blanchard was not entitled to examine the bankrupt for the reasons, first, that he was not authorized to do so by his powers of attorney; and, second, that he was forbidden to do so by General Order No. 4 of the Supreme Court (89 Fed. iv, 32 C. C. A. viii).

I am of opinion that the ruling of the referee was correct, and that the reasons given therefor were sound. The power of attorney which was presented authorized the said Blanchard to execute in the name of the owner of the claim any usual or necessary petition or paper in the bankruptcy proceeding, and to represent the claimant at all meetings of creditors, with authority to vote for trustee, and also with authority to accept any composition proposed by the bankrupt, and to act upon all other propositions submitted to the creditors, and to receive dividends and all notices. The powers which said Blanchard was authorized by this power of attorney to exercise in representing the claimant at all the meetings of creditors was limited to voting for trustee, accepting composition, and to acting upon any other proposition that might be submitted to the creditors, and to receiving dividends and notices. The power of attorney did not authorize him to examine witnesses at the meeting of creditors, or to perform any of the duties connected with any of the proceedings of a judicial nature; but, had it done so, I do not think it would have been valid in law.

Counsel for said Blanchard contend that he was authorized to act in the examination of witnesses by General Order No. 4, which provides that:

"Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor; but a creditor will only be allowed to manage before the court his individual interest. Every party may appear and conduct the proceedings by attorney, who shall be an attorney or counselor authorized to practice in the Circuit Court or District Court."

The argument of counsel is that, as paragraph 9 of section 1 of the Bankruptcy Act (Comp. St. § 9585) defines a creditor to include "any one who owns a demand or a claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy," the word "creditor" in General Order No. 4 should be so defined, and that one who holds power of attorney from the owner of a claim is himself a creditor, and by the terms of General Order No. 4 would be authorized to conduct all of the proceedings in bankruptcy.

Considering the context of this General Order, it appears to me that the word "creditor," therein used, should be construed in its ordinary

and restricted sense, and not given the statutory definition, since the creditor, in conducting the proceedings, is confined to his "individual interest," and an agent, proxy, or attorney in fact has no "individual interest." I am further confirmed in this view by the fact that this General Order further requires that, if a creditor be represented by an attorney, such representative "shall be an attorney or counselor authorized to practice in the Circuit Court or District Court." There is no possible reason why the Supreme Court should have prescribed this qualification of an attorney, if it was the intention in the previous part of the order to give the creditor the right to appoint any person, without qualifications, to conduct the proceedings.

In General Order No. 22 the Supreme Court (89 Fed. x, 32 C. C. A. xxv) deals more specifically with this question. It provides that:

"The examination of witnesses before the referee may be conducted by the party in person or by his counsel or attorney, and the witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode now adopted in courts of law."

[1, 2] It will be noted that this order designates the party, instead of the creditor, as being authorized to examine the witnesses, and says that the party so doing shall act in person, which are words of restriction. The term "party" evidently means the owner of the claim, for it is only the owner of the claim who can be a party to the bankruptcy proceedings, and it would seem that the intention was to exclude agents, attorneys in fact, and proxies. "Counselor or attorney" evidently means counselor or attorney at law. That the examination "shall be had in conformity with the mode now adopted in courts of law" would seem to evidence an intention to authorize only an attorney learned and experienced in the law, and qualified to conduct the examination in conformity with the rules of the courts of law when the party himself does not do it "in person."

I would not be understood as saying that a creditor may not be represented by proxy to a limited extent in the conduct of the bankruptcy proceedings, but I believe such representation should be, and is, confined to those proceedings which in their nature are not judicial, in the sense that they do not require in their conduct expert knowledge of court procedure and practice, such as voting at meetings of creditors, selecting trustees, accepting composition, dividends, etc. This idea is prominent in Form No. 20 (89 Fed. xxxvii, 32 C. C. A. lxi), "General Letter of Attorney in Fact when Creditor is Not Represented by Attorney at Law," prescribed by the Supreme Court, when considered in connection with General Orders Nos. 4 and 22. And I may also add, as worthy of note, that as these General Orders and said Form No. 20 deal with the question as to the manner in which creditors may be represented in the conduct of bankruptcy proceedings and the examination of witnesses before the referee, it can hardly be presumed that the word "creditor," as therein used, was intended to include any other than the owner of the provable debt. The word "creditor" does not always, when used, include "agent, attorney in fact, or proxy," as is plainly evident from paragraph 5, General Order No. XXI (89 Fed. x, 32 C. C. A. xxiii), and

doubtless from numerous provisions of the Bankruptcy Act. By reference to paragraph 9, section 1, of the Bankruptcy Act, it will be noted that the word "creditor" may include a duly authorized agent, attorney, or proxy, only when consistent with the context of the provisions of the act in which it is used, and, as already stated, to say that the word "creditor," as used in General Orders Nos. 4 and 22, includes the agent, attorney, or proxy of the creditor, would not be consistent with the context of those General Orders. A referee is a judicial officer, and in holding the bankruptcy courts exercises judicial authority. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; In re Covington (D. C.) 110 Fed. 143; In re Eagles (D. C.) 99 Fed. 695; In re McGill, 106 Fed. 57, 45 C. C. A. 218; paragraph 7, § 1, Bankruptcy Act.

In all the courts of the United States the parties may plead and manage their own cases personally or by an attorney and counselor at law. R. St. U. S. § 747 (Comp. St. § 1249). By clear implication this statute excludes from the courts all other agents, attorneys in fact. and proxies, than attorneys and counselors at law, and it is the universal practice to exclude them. To admit the unlearned nonprofessional in the courts, for the purpose of conducting their proceedings in the trial of cases for others, would soon inevitably break down all the rules of practice which have been so long in use and are so essential to the administration of justice, and I think General Orders Nos. 4 and 22 were designed and promulgated by the Supreme Court to prevent this very thing.

Therefore, answering the question certified by the referee for review, I hold that said order of the referee be affirmed.