A. VICTOR & Co., Respondent, v. JOSEPH SLEININGER, Appellant.*

Fourth Department, January 5, 1939.

* Affg. 167 Misc. 719.

*Benjamin Franklin,* for the appellant.

*Henry B. Harrington,* for the respondent.

CROSBY, J. The plaintiff is a corporation. Wishing to sue the defendant for a small bill of twenty-five dollars it issued a Buffalo City Court summons, signing the same by its corporate name. Section 23 of the City Court Act of Buffalo provides that a summons " shall be issued and signed by the plaintiff's attorney in his own name." That section does not require that the clerk of the court shall sign the summons, but section 23-a provides for the " form of the summons," and that form, at the end thereof, indicates a blank line under which are printed the word, " clerk," and below that is printed another blank line under which appear the words, " Attorney for plaintiff."

In the instant case the summons was signed by the clerk of the court as well as by the plaintiff. A complaint was also issued and signed by the plaintiff by its corporate name, and verified by one Robert Nathan whose relation to plaintiff is not disclosed by the record.

Defendant did not answer the complaint but appeared specially, by attorney, and moved " for an order setting aside the service of the summons and complaint herein, striking out same, and dismissing the action on the ground that the plaintiff, a corporation, appears in person herein and not by a duly licensed attorney."

The City Court granted defendant's motion and dismissed the complaint. Upon appeal to the Special Term of the Supreme Court an order was made reversing the City Court judgment and remanding the case to the City Court for a new trial. This appeal is from the latter order.

The question is squarely presented whether or not a corporation has authority to bring suit in its own name without the aid of an attorney at law.

Section 280 of the Penal Law provides that " It shall be unlawful for any corporation  *  *  *  to practice or appear *as an attorney-at-law* for any person *other than itself.*"

In this case plaintiff is not appearing *as an attorney-at-law,* even for itself. It is appearing *in person.* Section 37 of the General Construction Law provides that " The term person includes a corporation."

Section 236 of the Civil Practice Act provides that " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs."

Under the common law a corporation could not sue by any means, and could not be sued; but section 3 ■ of article 8 of our State Constitution provides that " All corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons."

Reading the statutory provisions hereinbefore quoted, we reach the conclusion that a corporation has power to sue or defend in its own behalf. We are aware that many of the authorities hold contrary to this view. (*Brandstein* v. *White Lamps, Inc.*, 20 F. Supp. 369; *Noble & Fowler* v. *Bank of Kentucky*, 3 A. K. Marsh. [Ky.] 262; *Matter of Looney*, 262 Fed. 209; *Kankakee Drainage Dist.* v. *Commissioners, etc.*, 29 Ill. App. 86; *Culpeper National Bank* v. *Tidewater Improvement Co.*, 119 Va. 73; 89 S. E. 118; *Mortgage Commission* v. *Great Neck Improvement Co.*, 162 Misc. 416; *Aberdeen Bindery, Inc.*, v. *Eastern States Pr. & Pub. Co.*, 166 id. 904 [App. Term decision]; *Whalen, Inc.*, v. *Pritzert*, 167 id. 471.)

Many of the cases cited by the appellant, and claimed to sustain his contention, are not, it seems to me, in point.

In *Osborn* v. *Bank of United States* (9 Wheat. 738, 830) it is said: " A corporation * * * can appear only by attorney, while a natural person may appear for himself."

But the case directly involved only the question of what proof was necessary to show that an attorney had authority to appear for a client he claimed to represent.

In *Nightingale* v. *Oregon Central R. Co.* (18 Fed. Cas. No. 10264) it was merely held that where a party, being a corporation, had duly appeared in a case by attorney, thereafter neither the corporation nor its attorney in fact could make a stipulation in the case which the court would recognize.

*State* v. *Passaic County Agr. Soc.* (54 N. J. L. 260; 23 A. 680) was a criminal case in which the point decided was that a corporation could appear by attorney for the purpose of pleading to an indictment. The court used this language in its opinion: " In fact, corporations cannot appear in person, they must appear by attorney."

The court was arguing the physical impossibility of a corporation's appearance before the bar of justice to answer to a crime. But the point was not directly involved which we have in the instant case.

*Quarrier* v. *Peabody Ins. Co.* (10 W. Va. 507), cited for appellant, is not an authority in his favor, for it holds that while a corporation cannot appear *in propria personœ*, it may appear by its president.

*Cobb* v. *Judge of Superior Court* (43 Mich. 289; 5 N. W. 309), cited

by appellant, is not at all in point. There the court denied a natural person, who could have appeared in person, the right to appear by agent who was not an attorney at law.

Other cases cited by appellant are not in the least helpful in the decision of the exact question involved in the present case.

The authorities holding that a corporation may prosecute and defend civil actions in its own name, without appearing by attorney, are fewer than the cases holding to the contrary. Besides the case in which this appeal has been taken, only three authorities have been called to our attention: *10th St. & 5th, Inc.*, v. *Naughton* (163 Misc. 437); *Sellent-Repent Corp.* v. *Queens Borough Gas & Elec. Co.* (160 id. 920); *Victor & Co.* v. *Lanting* (unreported opinion by LARKIN, J., filed in Erie county, and printed in respondent's brief).

One argument made against permitting corporations to prosecute and defend in their own suits is that the courts have an interest in having business transacted before them by persons sufficiently experienced so that the courts themselves will not be embarrassed in their work.

Another argument is that disbarred lawyers and persons of such characters that they never could be admitted to practice will be able to practice by getting themselves elected on the board of directors of one or more corporations.

The dangers pointed to in these arguments are more theoretical than substantial. Few corporations will do without the services of licensed attorneys in their litigations.

In our opinion an argument on the other side far outweighs those mentioned above. It appears when we ask ourselves this question: Suppose a corporation were too impoverished to employ a lawyer to defend it, or suppose it had a large claim it believed to be just but could find no lawyer who would take the case, believing it hopeless, should the corporation be denied its day in court?

We admit that section 280 of the Penal Law does not expressly grant any power to a corporation which it does not otherwise have, yet we ascribe some force to the provision that a corporation is exempted from criminal liability for practicing law for itself. What is the Legislature supposed to have had in mind in making that exception?

One other thing should be mentioned. Section 23 of the City Court Act provides that the summons must be " issued and signed by the plaintiff's attorney." Rule 45 of the Rules of Civil Practice provides that a summons " must be subscribed with the name of the plaintiff's attorney," and yet it has been held that the plaintiff's own name is sufficient for a valid summons. (*Horter* v. *DeMesa*, 196 App. Div. 462; *O'Brien* v. *Lashar*, 206 id. 623; affd., 236 N. Y. 602.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.