HILLSIDE HOUSING CORPORATION, Landlord, *v.* SIDNEY EISENBERGER, Tenant.

Municipal Court of New York, Borough of Bronx, First District, October 30, 1939.

*Benjamin Shedler,* for the landlord.

*Barney Rosenstein* [*Herman Rosenfeld* of counsel], for the tenant.

DONOGHUE, J. Tenant's motion to dismiss on the ground that corporate landlord does not appear by an attorney at law presents a question upon which there is no reported adjudication since section 236 of the Civil Practice Act was amended. Because the amendment has been in effect not quite two months, and the issue is one of immediate and practical significance which may now, or very shortly

again, be under judicial consideration elsewhere, an explanation of the conclusion reached by this court seems appropriate.

Not that there is a dearth of judicial expressions upon the point prior to the amendment. Within the last few years there were reported several decisions in the First and Second Departments, some of which held that a corporation may appear in person and prosecute, or defend, an action and others of which held to the contrary. To discuss any but two of them would be idle since a new and different question is presented by the amendment. The two decisions referred to are those of the Appellate Term, First Department, in *Aberdeen Bindery, Inc.*, v. *Eastern States Printing & Publishing Co., Inc.* (166 Misc. 904), and in *Mutual Life Ins. Co.* v. *Prever Lumber Co., Inc.* (168 id. 358). The former was an action for work, labor and services. Defendant appeared and answered without an attorney, and the answer was stricken out on the ground that there was no authority at law under which a corporation might appear and answer in person; the latter a summary proceeding instituted by a corporate agent. It seems that the corporate agent initially, in filing the petition and obtaining the precept, acted without an attorney. Dismissal of the petition was reversed.

From which, the landlord here argues that the amendment merely expresses what had been the common law, that since the Appellate Term has found a summary proceeding exempt from the operation thereof by virtue of section 1414 of the Civil Practice Act, and since section 1414 has not been amended, a corporation may appear and prosecute, in person, a summary proceeding.

Such contentions beg the question. They assume the existence of a distinction and difference between summary proceedings and civil actions. Whether a summary proceeding is within the purview of section 236 as amended is the issue to be resolved.

The 1939 session of the Legislature by chapter 694 amended section 236 of the Civil Practice Act to read: " Appearance in person or by attorney. A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs. If a party has an attorney in the action he cannot appear to act in person except with the consent of the court. Any corporation or voluntary association must appear by an attorney-at-law, duly licensed to practice under the laws of this State."

The amendment added the final sentence to the section.

The term " civil action " is used either in the broad generic sense as contrasted to criminal action, or in the specific sense of action as distinguished from a special proceeding. To support landlord's petition it would be necessary to conclude that it was the latter.

Authority, logic and considerations of practicability compel the conclusion that the former is true.

Looking to the Civil Practice Act, sections 4 and 8 appear pertinent. Section 4 reads: " Actions are of two kinds, civil and criminal. The word ' action ' when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." Section 8 reads: " There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished."

Looking for judicial determinations on the point results in finding several of significance. In *Giroux* v. *McCrea* (204 App. Div. 192) a summary proceeding was deemed an action. In *Smith* v. *Lichterman* (134 Misc. 150) it was stated: " The petition in a summary proceeding in view of sections 4 and 8 of the Civil Practice Act is a pleading in an action." In *Clark* v. *Newton* (140 Misc. 510) the respondent contended that as the provisions of the Civil Practice Act authorizing the delivery of a bill of particulars are applicable only to an action, the Municipal Court had no power to direct the furnishing of a bill in that case, which was a summary proceeding. Mr. Justice FRANKENTHALER, writing for the Appellate Term, said that a summary proceeding may be strictly a summary proceeding as originally, or a summary proceeding in which judgment may be entered in favor of the landlord for rent due, or for the tenant upon its counterclaim, and that the controversy, when it may terminate in a judgment for the landlord or for the tenant, may be an action as well as a special proceeding, citing sections 4, 5 and subdivision 8 of section 7 of the Civil Practice Act.

If a summary proceeding, when it be purely a special proceeding, were subject to a rule respecting the appearance of attorney at law different from a rule applicable to all actions and other summary proceedings, a distinction without a difference would result. It would mean that the requirement for an attorney's appearance would turn upon the mere element of a demand for judgment. The presence or absence of a demand for judgment seems altogether too much in the nature of a mere incident or accident on which to rest the requirement for an attorney's appearance.

To make an exception in the case of a summary proceeding as a special proceeding lacks any basis in practicability and sophistic exceptions are hardly acceptable in the current endeavor to streamline the mechanics of practice.

The two Appellate Term decisions first above mentioned are not irreconcilable and afford no support to the contention of the landlord

here. All that the Appellate Term stated in the summary proceeding involved in *Mutual Life Ins. Co.* v. *Prever Lumber Co.* (*supra*) was: " We find no statutory or other prohibition against the maintenance of a summary proceeding by the corporate agent of a landlord. (Civ. Prac. Act, § 1414.)"

An agent and all the other parties mentioned in section 1414 still have that right. The effect of section 236, as amended, simply modifies or limits the appearance of such a party when it is a corporation, by requiring it to appear by an attorney.

This motion is made by the tenant upon the call of the case for trial, at which moment landlord is represented by attorney. The petition here is a printed form, carrying no statement of any attorney's name and admittedly not filed by an attorney.

The filing of the petition and the issuance of a precept was a submission, or attempted submission, to the jurisdiction of this court. The court's jurisdiction was invoked. That constitutes an appearance (Bouvier's Law Dict. [3d Rawle's Rev.]; Black's Law Dict.) and it was not by an attorney but in person. (Rules of Mun. Ct. of City of N. Y. rule XI.)

Neither the conclusion argued for by landlord that since it is represented by an attorney at this stage of the proceeding the new statutory requirement is met, assuming its applicability to a summary proceeding, nor the conclusion argued by the tenant that because appearance was in person the proceeding was improperly begun and any judgment, therefore, would be void, appeals as wholly tenable or exclusive. What does appeal, however, is a proposition that the court may exercise its discretion and may or may not regard the defect as cured under the particular facts here, even if the omission had gone to the jurisdiction of the court and, if not a jurisdictional defect, that the court undoubtedly may exercise its discretion pursuant to section 105 of the Civil Practice Act providing for the cure of defects, omissions and irregularities. That section has been given a rather expansive quality, and since *People ex rel. Durham Realty Corp.* v. *Cantor* (234 N. Y. 507), any defect appears curable in aid of justice so the propriety of recognizing the instant appearance of landlord's counsel before the court and of permitting the proceeding to be continued to a conclusion upon the merits will be contemplated as a matter of discretion. To that end regard is given to the petition and to what has transpired here.

The petition is a printed form but any vice lies not in the fact that it is printed but in what is alleged. This is a holdover proceeding and the service, as well as the substance, of a notice to terminate is significant. In respect thereof petition states that a notice was served upon the tenant in the same manner as is provided

by law for the service of a precept. Fact is that what landlord relies on as a notice is a writing which had been addressed to the tenant through the mail and tenant complains that this is a material variation between the pleading and the proof.

Whether or not it be a material variation it is sufficient to induce the conclusion that it is hardly warranted here to regard the failure in appearance as cured, a conclusion which appeals consonant with the meaning of the amended section. Chapter 694 of the Laws of 1939, which amended section 236 of the Civil Practice Act, also amended section 280 of the Penal Law respecting the unlawful practice of the law, so apparently the Legislature was seeking, as one benefit at least, to constrict that twilight zone within which lies the border between the profession of the law and the proper fields of other activities and within which are engaged a number of people not admitted to practice but somehow finding something to do.

The petition is dismissed without prejudice to a renewal of the proceeding in conformity with section 236 of the Civil Practice Act. Final order for tenant in accordance herewith.