**SCHIFRIN v. CHENILLE MFG. CO., Inc., et al.**

No. 139.

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1941.

---

Meyer Schifrin, of New York City, for plaintiff-appellant.

Robert J. Blum, of New York City, for defendants-appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

There were filed with the court below on October 5, 1939, the following papers: plaintiff's complaint herein, alleging patent infringement, on the back of which was a written admission of "due and proper service of a copy of the within," dated October 2 and signed by Abraham Aaron as attorney for defendants; a notice of appearance of the defendants, also dated October 2 and signed by Aaron as solicitor for defendants; and a stipulation of the same date consenting to judgment for the plaintiff, signed by Aaron as solicitor for defendants, together with plaintiff's solicitor. On November 24, 1939, the court, "upon reading and filing the consent of the parties herein and upon the annexed stipulation and upon the pleadings and proceedings herein," rendered an interlocutory judgment for the plaintiff finding infringement of the patent in question, granting an injunction, and referring the case to a master to determine profits and damages due.

■ On the following May 4, defendants by a different attorney served notice of a motion to vacate the judgment on the ground that their consent and the consideration therefor constituted an agreement illegally restraining trade. Notice of a second motion to vacate was served six days later; this motion alleged lack of jurisdiction over the defendants, on the ground that Aaron had never been admitted to practice before the district court. The latter motion was granted, and since the judgment was thereby vacated, the former one was dismissed. On reargument, the order vacating the judgment was reaffirmed. Since this constituted a denial of interlocutory relief, the appeal herein brings before us the issue of its correctness. 28 U.S.C.A. § 227.

■ Aaron actually had not been admitted to practice before the District Court for the Southern District of New York. Defendants show no prejudice to themselves from that fact, however; nor do they seriously attempt to make out a case of having been misled by the incompetent advice of one masquerading as an attorney. See People v. Nitti, 312 Ill. 73, 143 N.E. 448. Indeed, such an attempt would be futile, for it is conceded that Aaron was a registered patent attorney, with offices in Brooklyn, a member of the bars of the Supreme Court (now District Court) and Court of Appeals for the District of Columbia of more than twenty years' standing. Furthermore, these steps taken by Aaron merely carried out an agreement which the individual defendants for themselves and the corporate defendant made in person with the plaintiff and which was conditioned on the grant of a sublicense to them by plaintiff's exclusive licensee under the patent. They concede that the required sublicense agreement was signed. Defendant Richard Farber, as president of the defendant corporation, had power to act for the corporation. Schwartz v. United Merchants & Manufacturers, Inc., 2 Cir., 72 F.2d 256, and cases cited; 50 Yale L.J. 348, 353. Thus, unless there is other ground of invalidity of the contract (such as was asserted in the first motion to vacate), the plaintiff could have obtained his affirmative relief in this action in any event by proving these conceded facts.

Hence defendants' only line of attack is the narrowly technical one that, in the absence of the service of process, jurisdiction over them could have been obtained only by the notice of appearance, which was void because entered by one not entitled to practice in that court. They rely on the last sentence of Rule 3 of that court, providing: "Only an attorney or proctor of this Court may enter appearances for parties, sign stipulations or receive payment upon judgments, decrees or orders." Authority for the rule is found in 28 U.S.C.A. § 394, authorizing parties to appear in all the courts of

the United States in person or by attorneys permitted to do so by rules of the said courts.

▮ Since no penalty for violation of this rule, or other method of enforcement of it, is expressly provided, it may be fairly inferable that sanctions should be applied only against those to whom the rule is addressed and who themselves infringe it, i.e., those who, not being attorneys of the court, attempt to enter appearances and sign stipulations for parties. Such persons might be adjudged in contempt (Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861), enjoined from continuing practice (Fitchette v. Taylor, 191 Minn. 582, 254 N.W. 910, 94 A.L.R. 356), or acting in the case (In re Looney, D. C.W.D.Tex., 262 F. 209), or denied recovery of fees (East St. Louis v. Freels, 17 Ill.App. 339). Even these penalties were in the cases cited incurred by laymen acting as attorneys; they might appear harsh against genuine attorneys who have failed only to comply with the formal ritual of a particular court. See In re Miltones, Inc., 2 Cir., 286 F. 806, 809, in which a mild reprimand was thought sufficient, and Rouiller v. A. & B. Schuster Co., D.C.Ariz., 212 F. 348, where no action was taken.

True, there are decisions dismissing a complaint or striking an answer offered by an unlicensed attorney on motion made before further proceedings. Mullin-Johnson Co. v. Penn Mut. Life Ins. Co. of Philadelphia, D.C.N.D.Cal., 9 F.Supp. 175; Brandstein v. White Lamps, Inc., D.C.S. D.N.Y., 20 F.Supp. 369. In Weir v. Slocum, 3 How.Prac. (N.Y.) 397, a complaint filed by a lay agent of the plaintiff was set aside, but with leave to plead over in spite of the expiration of the period of the statute of limitations. See also Richardson v. The Brooklyn City & Newtown R. R., 22 How.Prac. (N.Y.) 372; Aberdeen Bindery, Inc. v. Eastern States Printing & Publishing Co., 166 Misc. 904, 3 N.Y.S.2d 419; and McClintock v. Laing, 22 Mich. 212. These may be appropriate ways of enforcing the rule without great injury to the client; even they seem to go further than courts are usually willing to go in punishing the innocent litigant. Generally they have refused to nullify orders entered on the motion of unlicensed attorneys, to nullify appearances, or to dismiss complaints filed by them. Garrison v. McGowan, 48 Cal.

592; Elson v. Sullivan, Iowa, 186 N.W. 769; People v. Purdy, 221 N.Y. 481, 116 N.E. 390; Kerr v. Walter, 104 App.Div. 45, 93 N.Y.S. 311; Rader v. Snyder, 3 W.Va. 413; Peterson v. Parriott, 4 W. Va. 44. Especially is this so if an answering pleading has been filed or any other act is done which might be considered a waiver of the objection. Rouiller v. A. & B. Schuster Co., supra; Norwood v. Dodge, 215 Mass. 351, 102 N.E. 412; Henry L. Sawyer Co. v. Boyajian, 296 Mass. 215, 5 N.E.2d 348; Parow v. Cary, 1 How.Prac. (N.Y.) 66; Reeder v. Bloom, 3 Bing. 9; Sparling v. Brereton, L.R. 2 Eq. 64. And if the court thus protects the interest of the attorney's own client, all the more should it protect the interest of the opponent, who is surely without fault—who should not, as said in Reeder v. Bloom, supra, have the duty of trying not only his own case, but also that of the opposing lawyer's authority.

In a few cases there have been reversals of judgments for one whose attorney was unlicensed, when the other party objected at some time during the proceeding. Bennie v. Triangle Ranch Co., 73 Colo. 586, 216 P. 718; Newburger v. Campbell, 9 Daly (N.Y.) 102; Kaplan v. Berman, 37 Misc. 502, 75 N.Y.S. 1002; Colton v. Oshrin, 155 Misc. 383, 278 N.Y. S. 146 (mistrial granted). Yet of them, although all four stigmatized as "void" any pleadings so filed or proceedings so conducted, only in the Bennie case did a divided court actually order the complaint dismissed. Compare Henry L. Sawyer Co. v. Boyajian, supra [296 Mass. 215, 5 N.E.2d 350], that "but few authorities support this position." Each of the New York decisions, by ordering a new trial, held the proceedings to be not absolute nullities, but merely erroneous. See Holshue v. Morgan, 170 Pa. 217, 32 A. 623.

▮ Kerr v. Walter, supra, 104 App. Div. at page 46, 93 N.Y.S. at page 312, was peculiarly similar to this case in that the defendant sought, after judgment, to nullify the appearance entered for him by an attorney unlicensed and forbidden to practice; but jurisdiction was sustained on the consideration—applicable here—that one "cannot avail himself of the imposture, if such it was, which he made possible." And we think this is in line with the prevailing view in New York, as well as elsewhere. Defendants

here did not appeal from the judgment against them, nor do they now assert any fraud or other ground, such as those listed in Federal Rule 60, 28 U.S.C.A. following section 723c, for setting aside the judgment. Cf. 3 Moore's Federal Practice 3276 et seq. We think that there are fairer ways of enforcing the district court's rule than by holding the proceedings taken pursuant to agreement of the parties themselves void, to the loss of the completely innocent party. We conclude that the judgment was not void for the reasons assigned by the court below.

Considerable argument was devoted to the question whether or not a corporation itself a party may prosecute or defend through its appropriate agent or officer who is not an attorney. There is authority that this is objectionable, as the practice of law by a corporation, Mullin-Johnson Co. v. Penn Mut. Life Ins. Co. of Philadelphia, supra; Brandstein v. White Lamps, Inc., supra; cf. 37 Harv. L.Rev. 384, and the district court herein relied thereon in part for its decision for defendants. In New York the Appellate Term had so ruled in Aberdeen Bindery, Inc. v. Eastern States Printing & Publishing Co., supra (one justice dissenting), but the contrary was held by Crosby, J., in a persuasive opinion in A. Victor & Co. v. Sleininger, 255 App.Div. 673, 9 N.Y.S.2d 323; 8 Brooklyn L.Rev. 351; 87 U. of Pa.L.Rev. 1006. Leave to appeal to the Court of Appeals was granted in this case, 256 App.Div. 1046, 11 N.Y. S.2d 548, but the appeal seems not to have been pressed. In 1939, c. 694, N.Y.Penal Law, Consol.Laws, c. 40, § 280, was amended further to prohibit the practice of law by private corporations; at the same time Civil Practice Act, § 236, was amended so as expressly to forbid a corporation to appear and sue and defend except by an attorney at law. Compare, however, the suggestion in Hillside Housing Corp. v. Eisenberger, 173 Misc. 75, 16 N.Y.S.2d 142, 146, that under Civil Practice Act, § 105, a later appearance by proper attorney will cure defects in earlier proceedings. We do not feel called upon to decide this issue further than to say that in view of these authorities we think the question is not foreclosed where express statutory prohibition is lacking. Nor need we discuss the further claim that the appearance of the defendants herein to move to vacate the judgment on the ground of illegality constituted an appearance waiving past defects. Cf. United States v. French, 8 Cir., 95 F.2d 922, 926, certiorari denied 305 U.S. 620, 59 S.Ct. 80, 83 L.Ed. 396.

Reversed and remanded for further proceedings not inconsistent with this opinion.