**UNITED STATES ex rel. MITCHELL v. HIATT et al.**

No. 183.

District Court, M. D. Pennsylvania.

April 10, 1945.

William Mitchell, per se.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for respondents.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus, filed in forma pauperis, by William Mitchell, now a prisoner at the United States Penitentiary at Lewisburg, within the Middle District of Pennsylvania.

The first allegation in support of the petition is that the petitioner was forced to trial in the Southern District of New York; that he had no opportunity to prepare a defense, and was represented by an attorney of little or no experience.

■■ This Court in habeas corpus proceedings cannot pass upon nor review the action of the trial court. The remedy for a review of the trial proceedings is by appeal. The present petition reveals upon its face that an appeal was taken and petitioner's conviction was affirmed. Petitioner has previously raised in other habeas corpus proceedings in another jurisdiction the allegation of the incompetence of his attorney. In that case it was decided that such ground cannot be assigned as a reason for release. U. S. ex rel. Mitchell v. Thompson, So. Dist. N. Y., 56 F.Supp. 683. In that case District Judge Rifkind, after hearing, disposed of the petition before him by refusing the writ and his opinion shows that a full inquiry was made with regard to the time of the appointment of counsel; the circumstances of the appointment; the opportunity afforded the appointee to confer and prepare, and the qualifications of the appointee.

■ The second allegation is that during the trial the government was represented by one John C. Hilly in the capacity of Assistant United States Attorney. Petitioner alleges "that to the best of petitioner's knowledge, John C. Hilly interviewed and together with other government representatives, prepared and presented the witnesses to the court and jury and at which time the said John C. Hilly was not a duly admitted member of the bar of the United States Court for the Southern District of New York." Annexed to the petition is a photostatic copy of the admission of Hilly which shows that Hilly's admission was subsequent to the trial of petitioner. It is to be noted that petitioner does not allege that he was prejudiced in any specific manner by Hilly's participation, with others, in the trial of the case. It is also to be noted that the allegation that Hilly interviewed, prepared and presented witnesses, in collaboration with other government representatives, is not made of his own knowledge, but is on information. In any event this is not a sufficient reason to allow the writ. Sanctions for violation of the rules governing the admission of attorneys should be applied only against those to whom the rule was addressed. Schifrin v. Chenille Mfg. Co., 2 Cir., 117 F.2d 92.

The third allegation is that one Laurentino, nót a member of the bar of the District Court for the Southern District of New York, appeared before the grand jury which indicted petitioner and "presented the evidence and propounded questions from witnesses." It does not appear that, within the time allowed for such action, petitioner made a motion to quash the indictment or presented a plea in abatement upon the 'ground alleged. This was the proper remedy to follow and the matter cannot be reviewed in habeas corpus proceedings. None of the reasons advanced by petitioner has merit.

And now, the petition for a writ of habeas corpus is dismissed and the writ is denied.