760

## STEVENS v. GERTZ.
### No. 375.

United States District Court
W. D. Michigan, N. D.
March 27, 1952.

John B. Freiden and F. Joseph Ober-schmidt, Cincinnati, Ohio, for plaintiff.

Ivan D. Wright, Ironwood, Mich., for defendant.

STARR, District Judge.

On June 13, 1951, the plaintiff, a resident and citizen of the State of Ohio, filed complaint charging the defendant with malpractice and asking for damages in the amount of $11,200. This complaint was signed "Bernard Stevens by John B. Freiden (and) by F. Joseph Oberschmidt, 903 Fountain Square Bldg., Cincinnati, Ohio, Attorneys for the Plaintiff," and was verified by the plaintiff before F. Joseph Oberschmidt, notary public, Hamilton county, Ohio. Summons was issued June 13, 1951, and was

served on the defendant on June 18th. On July 10th the defendant appeared specially and moved to dismiss the suit on the ground that neither of the above-named attorneys representing the plaintiff had ever been admitted to practice in this district court.

Title 28 United States Code, § 1654, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Rule 2 of the local rules of practice and procedure for this district provides in part:

"(a) The bar of this court shall consist of those attorneys who have heretofore been admitted and are now entitled to practice in this court, and those attorneys who are hereafter admitted and entitled to practice in this court.

"(b) Except as otherwise provided in this rule, no person shall be permitted to practice in this court or before any officer thereof as an attorney, or to commence, conduct, prosecute or defend any action, proceeding or claim in which he is not a party concerned, either by appearing in open court or by using or subscribing his name or the name of any other person to any paper, pleading or document, unless he is a member of the bar of this court. * * *

"(e) Any attorney admitted and entitled to practice in the highest court of any other State, the District of Columbia or any Territory or insular possession of the United States, or any Province of the Dominion of Canada, may, in the discretion of the court and upon motion by a member of the bar of this court, be permitted to prosecute or defend in open court a particular action, proceeding or claim, and such attorney shall not be required to make the application, take the oath or pay the fee prescribed by this rule."

The files of this court indicate that neither John B. Freiden nor F. Joseph Oberschmidt has ever been admitted to practice in this district court. Therefore, the question presented by the defendant's motion is whether or not a complaint filed by attorneys who are not admitted to practice in this court should be dismissed.

Subdivision (b) of local rule 2 quoted above should be considered in connection with subdivision (i) of the rule, which provides as follows: "(i) Any person who, before his admission to the bar of this court or after his disbarment or during his suspension, exercises in this district in any pending action or proceeding, any of the privileges of a member of the bar or who pretends to be entitled so to do, shall be guilty of contempt of court and subject himself to appropriate punishment therefor."

Therefore, it should be noted that the only penalty provided for an attorney's violation of subdivision (b) of rule 2 is that under subdivision (i) he shall be guilty of contempt of court and subject himself to appropriate punishment therefor.

The question raised by the defendant's motion to dismiss does not involve the substantive law as to the rights and liabilities of the parties but is procedural and, therefore, should be determined under the Federal law. In the case of Schifrin v. Chenille Mfg. Co., Inc., 2 Cir., 117 F.2d 92, the court considered the effect of certain action taken by an attorney who was not admitted to practice in the Federal court in which the case was pending as required by a local rule of that court. In its opinion the court said, 117 F.2d at page 94:

"Since no penalty for violation of this rule, or other method of enforcement of it, is expressly provided, it may be fairly inferable that sanctions should be applied only against those to whom the rule is addressed and who themselves infringe it, i. e., those who, not being attorneys of the court, attempt to enter appearances and sign stipulations for parties. Such persons might be adjudged in contempt (Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861), enjoined from continuing practice (Fitchette v. Taylor, 191 Minn. 582, 254 N.W. 910, 94 A.L.R. 356), or acting in the case (In re Looney, D.C.W.D.Tex., 262 F. 209), or denied recovery of fees (East St. Louis v. Freels, 17 Ill.App. 339). Even these penalties were in the cases cited incurred by laymen acting as attorneys; they might appear harsh against genuine attorneys who have failed only to comply with the formal ritual of a particular court. See In re Miltones, Inc., 2 Cir., 286 F. 806, 809, in which a mild reprimand was thought sufficient, and Rouiller v. A. & B. Schuster Co., D.C.Ariz., 212 F. 348, where no action was taken.

"True, there are decisions dismissing a complaint or striking an answer offered by an unlicensed attorney on motion made before further proceedings. Mullin-Johnson Co. v. Penn Mut. Life Ins. Co. of Philadelphia, D.C.N.D.Cal., 9 F.Supp. 175; Brandstein v. White Lamps, Inc., D.C.S.D. N.Y., 20 F.Supp. 369. In Weir v. Slocum, 3 How.Prac. (N.Y.) 397, a complaint filed by a lay agent of the plaintiff was set aside, but with leave to plead over in spite of the expiration of the period of the statute of limitations. See also Richardson v. The Brooklyn City & Newtown R. R., 22 How. Prac. (N.Y.) 372; Aberdeen Bindery, Inc. v. Eastern States Printing & Publishing Co., 166 Misc. 904, 3 N.Y.S.2d 419; and McClintock v. Laing, 22 Mich. 212. These may be appropriate ways of enforcing the rule without great injury to the client; even they seem to go further than courts are usually willing to go in punishing the innocent litigant. Generally they have refused to nullify orders entered on the motion of unlicensed attorneys, to nullify appearances, or to dismiss complaints filed by them. Garrison v. McGowan, 48 Cal. 592; Elson v. Sullivan, Iowa, 186 N.W. 769; People v. Purdy, 221 N.Y. 481, 116 N.E. 390; Kerr v. Walter, 104 App.Div. 45, 93 N.Y.S. 311; Rader v. Snyder, 3 W.Va. 413; Peterson v. Parriott, 4 W.Va. 44."

The State-court decisions and other authorities cited by the defendant in support of his motion to dismiss are not properly determinative of the question before the court.

No question is raised as to the plaintiff's right to begin this action on June 13, 1951, the only question being as to the right of attorneys Freiden and Oberschmidt to begin it for him. There is no showing that the defendant would be hindered or prejudiced in his defense of the alleged claim by the failure of the plaintiff's attorneys to comply with the local rule as to their admission to practice in this court.

762

From the allegations of the complaint it appears that if the complaint were dismissed, the State statute of limitations, 4 Comp.Laws Mich.1948, § 609.13, subd. 3, would bar a new suit by the plaintiff for the same cause of action. In this situation it is obvious that granting the defendant's motion to dismiss would penalize the innocent plaintiff litigant rather than his attorneys, who failed to qualify under the local rules of this court, which were promulgated to enable the court to exercise supervision over attorneys and not for the purpose of penalizing innocent litigants. It is unnecessary to determine in this opinion what action the court should take regarding attorneys who file pleadings without complying with the local rules relative to admission to practice.

For the reasons stated herein the defendant's present motion to dismiss is denied and an order will be entered accordingly. No costs are allowed in connection with this motion. The defendant is granted 20 days from the date hereof within which to file answer.

However, attorneys John B. Freiden and F. Joseph Oberschmidt will not be permitted to represent the plaintiff further in this action unless within 20 days from the date hereof they obtain permission to prosecute this action as required by local rule 2(e) hereinbefore quoted.